## R. H. Foat, Administrator, v. The State.

### *No. 6669.　Decided May 24.*

**1. Practice.—Examining Courts** are required by the law to certify to *all* proceedings had before them, and parol testimony is not admissible to supply an omission in the record in this respect. In this case it appears that the magistrate made no record of the fact that an appearance bond was required of a witness who testified before him, and that the court permitted the county attorney to testify that at the conclusion of the examining trial he made a request of the magistrate that such requirement be made. The trial judge—a jury having been dispensed with—found that the requirement was made. *Held*, that the admission of the parol evidence was error.

**2. Same—Bail Bond.**—The record shows that the bond sued on in this case was not executed until four days after the conclusion of the examining court, and after the said court had adjourned; and further, that no order requiring such bond had been entered by the magistrate. *Held*, that the bond was invalid, and could not be enforced.

Appeal from the District Court of Parker. Tried below before Hon. J. W. Patterson.

This appeal was prosecuted from a judgment final against the appellant, as the administrator of G. H. Cooper, deceased, one of the sureties on the appearance bond of J. W. Fansler, the said bond binding the said Fansler to appear before the District Court of Parker County as a witness in the case of The State v. J. H. Milliken. The amount of the judgment and bond was $500.

*B. G. Bidwell* and *G. A. McCall*, for appellant.

*W. L. Davidson*, Assistant Attorney-General, for the State.

Willson, Judge.—An examining trial held by J. W. Squyres, a justice of the peace for Parker County, was finally disposed of, the prisoner refused bail and remanded to jail. The said examining court was finally adjourned on the 3d day of July, 1885. On July 7, 1885, four days after the examining trial ended, the justice of the peace, Squyres, required John Fansler to appear before him and give bail bond for his appearance at the next term of the District Court of Parker County, as a witness in the case

of the State against J. H. Milliken, and there remain from day to day, etc., to testify as a witness in the case. This bond Fansler executed, with sureties, G. H. Cooper being one of them. Cooper died, and his administrator, the appellant, was made a party defendant. Fansler failed to appear as a witness before the District Court when the case was called, after indictment had been returned into court. The case was submitted to the court without a jury. The court gave judgment for the State, and Foat appeals.

It appears from the evidence that the magistrate made no record of a requirement that the witness should give bail bond, but the State was permitted to prove by parol testimony that the county attorney at the conclusion of the examining trial requested the magistrate to make such requirement, and the trial judge found that such requirement was then made. Appellant objected to this parol testimony, and reserved a bill of exception to its admission.

We are of the opinion that if the requirement was made it should have been entered in the proceedings of the examining court and certified as a part of said proceedings. An examining magistrate is required to certify to *all* the proceedings had before him, and transmit them, etc. Code Crim. Proc., art. 314. Unless the certified proceedings show that bail was required of a witness, we do not think that a bail bond executed by him can be enforced. Such bond is based upon the requirement to give it, and this requirement is a proceeding in the case examined, and is as much a matter of record as any other proceeding in the case—as much a matter of record as a requirement that the accused shall give bail. We do not think that parol testimony is admissible to show that such requirement was made, and we hold, therefore, that the court erred in admitting such testimony.

It is manifest from the record that the bail bond of the witness was not executed until four days after the examining trial had been concluded and the examining court had adjourned, and that no order requiring such bond had been entered of record by the magistrate. Such being the case, we hold that the bond was exacted without authority of law, and is a nullity. Code Crim. Proc., art. 318; L. I. M. C. Co. v. Roberts, 62 Texas, 615.

The judgment is reversed and the proceeding is dismissed.

*Reversed and dismissed.*

Judges all present and concurring.