GEO. L. GAUSE ET AL. V. THE STATE.

No. 760.  Decided November 2, 1910.

**1.—Scire Facias—Judgment Nisi—Void Bond.**

Where, upon appeal from a final judgment on a bond requiring the appearance of a witness, it appeared that the bond omitted to state by what authority the officer required the said witness to enter into bond, and also failed to describe the court at which he was to appear, the same was null and void.

**2.—Same—Judgment Nisi—Amendment—Notice.**

After a judgment nisi was entered, the court had no authority to amend the same after the term of court had expired without due notice to the defendant.

Appeal from the District Court of Tarrant. Tried below before the Hon. Jas. W. Swayne.

Appeal from a judgment final of the forfeiture of an appearance bond of a witness for $500.

The opinion states the case.

*B. P. Ayres,* for appellant.—Cited authorities in opinion.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—This is an appeal from a final judgment against the appellant, Geo. L. Gause and his cosurety on a forfeited witness bond for the sum of $500. The statement of facts shows that on the 29th day of June, 1909, the sheriff of Tarrant County required one Lewis Shaw to enter into bond in the sum of $500 for his appearance as a witness against one Sam Shrowder pending in the District Court of Tarrant County and charged with burglary. This bond required the appearance of the witness Shaw on July 12, 1909, at the courthouse of the county of Tarrant, in "Tarrant," Texas. This bond purports to be the bond of Lewis Shaw as principal and is signed by M. L. Shaw. It omits to state by what authority the sheriff required the said Shaw to enter into bond. It does not state that an attachment or any other legal process was in the, hands of the sheriff for the witness Shaw, nor does it state any authority whatever for the sheriff to take bond from the said Shaw. After the usual recitals in the bond the conditions as set out are as follows: "The conditions of the above obligation is such, and shall

appear as a witness before said court in behalf of the State, in a criminal action pending in said court, wherein the State of Texas is plaintiff, and Sam Shrowder is defendant, No. 18822, and wherein said defendant is charged with burglary. Now, if the said Lewis Shaw shall make his personal appearance before the Honorable District Court of Tarrant County, Texas, 17th District, July 12, 1909, at the courthouse of said county in 'Tarrant,' and shall there remain from day to day, and from term to term, until discharged by the court, then this obligation to be null and void; otherwise to remain in full force and effect." It will be noted that this bond does not set forth any authority whatever for the sheriff taking the same. It requires the appearance of the defendant at the town of "Tarrant" when the District Court of Tarrant County was held at Fort Worth. The bond is fatally defective and void and the District Court of the 17th District at Fort Worth, Texas, had no authority to forfeit same.

After the judgment nisi had been entered at the September term of the District Court and citation served upon the defendant Gause, the State at the October term following filed a motion to correct and amend the judgment nisi wherein the original judgment nisi stated that it was a recognizance when he had given bond. Also the judgment nisi gave the name of the principal as "Leslie" Shaw when his name was "Lewis" Shaw. No notice was given to the defendant of this motion to correct and amend the judgment nisi. This was absolutely essential and no amendment of a judgment after the term can be had without notice. See Revised Statutes, articles 1356-1357; Russell v. Miller, 40 Texas, 495; Trammell v. Trammell, 25 Sup., 261; Collins v. State, 16 Texas Crim. App., 274.

The court having no authority to make final judgment nisi in this case for the reason, first, that the bond was absolutely void; and, second, because the court had no authority to amend the judgment after the term had expired without due notice to the defendant, the judgment of the court below was erroneous, the bond being void, the case will be reversed and here rendered for the defendant Gause that the State take nothing and that the defendant be discharged from liability.

*Defendant discharged.*