## ROSCOE WISEMAN ET AL. v. THE STATE.

### No. 1940.   Decided April 16, 1913.

### Rehearing denied May 14, 1913.

**1.—Bail Bond—Forfeiture—Approval—Sheriff—Term Time—Felony.**

Where, for felony, during the term of the District Court, the sheriff took defendant's bail bond and the latter appeared before the court and was tried, convicted, and a new trial granted and he was discharged on said bond, and the evidence did not show that the court did not verbally fix the amount of the bond and so instruct the sheriff, the contention that it was not shown to have been fixed and approved by the court, will not cause a reversal of the judgment. Following Arrington v. State, 13 Texas Crim. App., 551, and other cases.

**2.—Same—Statutes Construed—Bail Bond—New Trial.**

Where defendant entered into bond for his appearance for a felony, was convicted and his conviction thereafter set aside and a new trial awarded and the sheriff instructed to discharge him from custody on said original bail bond, the defendant and his sureties were liable thereon, defendant having defaulted to answer at the next term of the court.

**3.—Same—Statutes Construed—Old and New.**

See opinion for a discussion of the statutes, both old and new, with reference to bail bonds and forfeitures.

**4.—Same—Query—Appeal Bond—Reversal—Bail Bond.**

Where defendant after conviction was granted a new trial and discharged on his former bail bond by order of the court, the question if he had in the meantime given an appeal bond, whether the sureties upon reversal of cause would have been discharged on said former bail bond, need not be decided.

**5.—Same—Difference Between the Old and New Statutes.**

The only relative difference in the two statutes is that under the Act of the Thirtieth Legislature the defendant is permitted to go at large during his trial on bail bond; whereas, under the previous law, he was taken into custody immediately upon his announcement of ready for trial.

Appeal from the District Court of Wilbarger. Tried below before the Hon. S. P. Huff.

Appeal from a forfeited bail bond from a judgment final of $750.

The opinion states the case.

*Cecil Storey* and *L. P. Bonner,* for appellants.—Cited Ex parte Guffey, 8 Texas Crim. App., 409.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited Wells et al. v. State, 21 Texas Crim. App., 594; Thompson v. State, 17 Texas

Crim. App., 318; Thrash v. State, 16 id., 271; Peters v. State, 10 id., 302; Lindsay v. State, 39 Texas Crim. Rep., 468, and cases cited in opinion.

DAVIDSON, PRESIDING JUDGE.—The facts, in substance, show that while the District Court of Wilbarger County was in session there was pending against Roscoe Wiseman an indictment charging him with a felony. During the term of the court the sheriff took his bail in the sum of $750. This was not shown to have been fixed by the court. The amended statute provides that where the court is in session it is not necessary to bring the arrested party into court and have him enter into a recognizance in open court, but the court shall fix the amount of the bail, and the sheriff may then take his bond without bringing him before the court. There is nothing to show the court did fix the amount of the bond.

It is contended that this bond was taken by the sheriff without authority of the law. In other words, the contention is, as the statute says the court shall fix the amount of the bond under the circumstances detailed, that the sheriff was without authority to take the bond during term time, and, therefore, the bond was a nullity. See Acts Thirtieth Legislature, page 148, section 1. We are of opinion there is no such error in this matter as requires a reversal of the judgment. It is not shown by positive evidence that the court did not fix the amount of the bail. The conclusion from the record would be of a negative character that he did not fix the bond, because there was no entry of it and no facts introduced to show that he did fix it. The evidence does not show, however, that he did not verbally fix the amount of the bond and instruct the sheriff to take the bond in the amount. Be that as it may, under the authorities, as we understand them, where the bond has been taken under such circumstances, and the party appears before the court and is tried, and the bond is acted upon, it would not be sufficiently erroneous to require a reversal of the judgment. See Arrington v. State, 13 Texas Crim. App., 551; Lindsay v. State, 39 Texas Crim. Rep., 468; Thrash v. State, 16 Texas Crim. App., 271; Peters v. State, 10 Texas Crim. App., 302.

There is another proposition presented for reversal. Appellant went upon his trial and was convicted. This conviction was at a subsequent day of the term by the trial judge set aside and a new trial awarded. Section 2 of the Act of the Thirtieth Legislature, page 31, provides that where the defendant in cases of felony is on bail when his trial commences, the same shall not thereby be considered as discharged until the jury shall return into court a verdict of guilty and the defendant taken into custody by the sheriff, and he shall have the same right to remain on bail during the trial of his case and up to the return into court of such verdict of guilty as under the law he now has before the trial commences, but immediately upon the return into court of such verdict of guilty, he shall be taken into custody by the sheriff and bail

"be considered as discharged." By the term of the bail bond or recognizance it requires the principal to appear before that court from day to day and from term to term until discharged by order of the court, etc. Before the enactment of this statute when the accused was placed upon trial he was taken from his bondsmen during the trial and they were no longer responsible for his attendance upon that trial. If acquitted he was discharged; if convicted, he was placed in jail. Under the statute as it then was if he was awarded a new trial or his case was reversed on appeal, he was entitled to his discharge under the bond he was placed under prior to his trial and conviction. In either event, whether a new trial was awarded him by the trial court or by the appellate court, upon granting of that new trial he was entitled to his discharge under his bond, unless the sureties had surrendered him, and in that event the sureties were considered discharged until the new trial was awarded or the reversal occurred, and they would not be responsible for his appearance while he was in jail awaiting the order of the court on motion for new trial, or the action of the appellate court, but would be if new trial was awarded. With reference to the appeal in felony cases, where the conviction is for less than fifteen years, he may give an appeal bond or recognizance and go out under that bond. Whether the appeal bond would discharge the sureties from all subsequent liabilities is not necessary here to discuss, not being involved, but under the old law, as before stated, when the case went to trial he was taken from his bondsmen by virtue of that fact and placed in custody of the officers pending the disposition of his case, and to that extent the bondsmen were considered as discharged of liability until the new trial was awarded. The only difference, as we understand the present and former statute, is that the sheriff can not now take the principal in charge until after a verdict of guilty has been rendered against him, and the defendant is then taken into custody and his sureties are then considered as discharged from further liability on the bond until a new trial has been awarded him or some action is taken by the court which liberates him from that conviction, whereas, under the old law he was taken into custody upon going to trial. The only relative difference in the two statutes is, it permits the defendant under the Act of the Thirtieth Legislature to go at large during his trial, whereas under the previous law he was taken into custody immediately upon the announcement of ready for trial. Viewing the matter from this standpoint, we are of the opinion that the court did not commit such error as would require a reversal of the judgment, it is therefore affirmed.

*Affirmed.*

[Rehearing denied May 14, 1913.—Reporter.]