## Jodie Phillips v. The State.

### No. 4878.   Decided February 6, 1918.

**1.—Theft of Cattle—Variance—Name of Party Injured.**

Where the indictment alleged that the animal belonged to J. R. Prideaux and the proof showed that his name was J. L. Prideaux, this variance is not material, and there was no reversible error.

**2.—Same—Newly Discovered Evidence—Rule Stated.**

Where the alleged newly discovered testimony was known to the defendant before he announced ready for trial, there was no error in overruling motion for new trial.

**3.—Same—Venue—Circumstantial Evidence—Reasonable Doubt.**

Evidence with regard to venue is not required to exclude reasonable doubt of the fact that the offense was committed in the particular county and may be circumstantial, and where venue is not a contested issue on the trial a bill of exceptions must be reserved. Besides, the evidence was sufficient to prove the venue.

**4.—Same—Acts of Third Parties—Jury and Jury Law.**

Where the father of the alleged owner of the animal came into the courtroom where the jury was and sat down to warm himself and talked with the officer in charge of the jury, but not about the case, and talked to none of the jurors, there was no reversible error.

Appeal from the District Court of Archer.   Tried below before the Hon. Wm. N. Bonner.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of middle initial:   Manning v. State, 14 Texas, 402; Dodd v. State, 2 Texas Crim. App., 50; Delphino v. State, 11 id., 30; Dixon v. State, 2 id., 530; Jones v. State, 50 Texas Crim. Rep., 210; Thompson v. State, 64 id., 514.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of the theft of a calf alleged to belong to J. R. Prideaux. It is claimed there is a variance between the allegation and the evidence upon this name. The alleged owner testified his name was J. L. and not J. R. Prideaux. Under the authorities this variance is not considered material. The authorities will be found collated in Mr. Branch's Annotated Penal Code, section 463. They lay down what seems to be the conceded and unbroken rule in this State with reference to the question.

The motion for new trial also alleges newly discovered evidence. This is met by appellant's statements in the motion for new trial. It seems appellant had been tried in Young County for the theft of an animal belonging to Prideaux. That trial occurred prior to that in which this conviction occurred. The matters he alleges to be newly discovered all came out in the trial in Young County, and at the time he was tried in this case he was fully aware of the fact, and was aware of it before he announced ready. This could not be newly discovered.

While the evidence is circumstantial, yet, under the authorities, we are of opinion the venue was sufficiently proved, and that the jury was justified in so finding. Evidence with regard to venue is not required to exclude reasonable doubt of the fact that the offense was committed in the particular county. If the property was taken in Young County and brought into Archer County this would be sufficient. Again, our statute requires that the question of venue shall not be considered unless it became a question on the trial, and this matter must be brought up by bill of exceptions. There is an exception to this rule, however, towit: Where that was one of the contested issues on the trial and remained a part and parcel of the main trial, then it would not be necessary to reserve a bill of exceptions. The statement of facts would sufficiently show this matter without referring it to a bill of exceptions. We are of opinion, however, that the circumstances are sufficient to warrant the conclusion that the animal was either taken in Archer County, or brought into it after it had been taken, provided it was taken in Young County.

The father of the alleged owner, it is stated in the motion for new trial, came into the courtroom where the jury was and sat down to warm while the jury was in the room and talked with the officer in charge of the jury. It is not claimed he talked to any of the jurors, or talked about the case. Unless there is something more shown than this, we would not be justified in reversing the judgment.

The judgment is affirmed.

*Affirmed.*