## J. P. Turpin et al. v. The State.

No. 5433. Decided October 29, 1919.

**1.—Scire Facias—Judgment Nisi—Bail Bond—Statutes Construed.**

Until the Act of 1907, article 337 C. C. P., was enacted, the sheriff could not take bond during term time. Under article 337, supra, the sheriff is now authorized to take the bond under the condition and stipulation of the amended act, but bail bonds are statutory and the terms of the statute must be strickly followed. Following Wallen v. State, 18 Texas Crim. App., 414, and other cases.

**2.—Same—Bail Bond—Order of Court—Practice on Appeal.**

Where, upon appeal from a judgment nisi on a forfeited bail bond, it appeared from the record that the amount of said bond was not fixed by the court, as provided under article 337 supra, and the sheriff was not authorized to take said bail bond, the forfeiture thereof could not be sustained. Distinguishing Wiseman v. State, 70 Texas Crim. Rep., 477.

**3.—Same—Complaint—Indictment—Felony—Bail Bond.**

Where the record, on appeal from a judgment nisi of a bail bond, showed both in the bond and scire facias that the accusation against the principal was by complaint instead of indictment for a felony in the District Court, the forfeiture was thereby rendered invalid. Following Harrell v. State, 22 Texas Crim. App., 692, and other cases.

Appeal from the District Court of Fannin. Tried below before the Hon. Ben. H. Denton.

Appeal from a judgment *nisi* of a forfeited bail bond in the penal sum of five hundred dollars.

The opinion states the case.

*Rosser Thomas, Cunningham & McMahon,* for appellant.—Cited cases in the opinion.

*E. A. Berry,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—This is a *scire facias* case. The statement of facts consists of judgment *nisi* and bail bond, which was forfeited. Exception was reserved to the introduction of both for various reasons, and practically the same as to both.

The bond recites, as does the judgment *nisi*, that appellant stood "charged by a complaint in the district court upon a charge accusing him of the offense of a felony." This is a quotation from the judgment *nisi*. The bond recites: ". . . the above named principal, J. P. Turpin, stands charged by complaint duly filed in the district court of Fannin County, Texas, with a felony."

The defendants introduced Judge Ben H. Denton, who stated that he had no recollection of fixing at any time the amount of defendant's bond. He says: "Of course I know I would not fix it on the first day of court. I know that, I never do that." The indictment was returned on March 25, 1916, and appellant was not arrested for some months. He was arrested and brought from Denton County, placed in jail, and was released on bond on 21st of August, the bond being approved on the 21st day of August. The judge did not remember when Turpin was arrested. He further testified there was no notation on his docket to show that this bond was fixed by the court. The bond was taken and approved by the sheriff during the term of court.

The appellants urge two objections to the *scire facias* and the bond, first, that a felony case was pending in the District Court based upon a complaint; it must be an indictment. The second, that the bond was approved during the term without an order of the district judge authorizing the sheriff to take such bond.

Until the Act of 1907, Article 337, C. C. P., was enacted, the sheriff could not take bond during term time. Under Art. 337, *supra*, the sheriff is now authorized to take the bond under the conditions and stipulations of the amended Act. Bail bonds are statutory and the terms of the statute must be strictly followed. Authorities are not needed upon this proposition. However, see Wallen v. State, 18 Texas Crim. App., 414; and 2 Vernon's Ann. C. C. P., pp. 154 and 155 for a number of collated cases. Art. 337, *supra*, provides:

"In cases of felony, when the accused is in custody of the sheriff or other peace officer, and the court before which the prosecution is pending is in session in the county where the accused is in custody, the court shall fix the amount of bail, if it is a bailable case; and the sheriff, or other peace officer, unless it be the police of a city, is authorized to take a bail bond of the accused, if executed with good and sufficient sureties, in the amount as fixed by the court, to be approved by such officer taking the same, and will thereupon discharge the accused from custody; and it shall not be necessary for the defendant or his sureties to appear in court, but such bail bond may be taken as if court was not in session, except for the fixing of the amount of bail as aforesaid."

So it would seem to be a prerequisite that the bond must be fixed by the court before the peace officer is authorized to take it. This was not done in this case. The sheriff was not used as a

witness, and under Judge Denton's testimony the amount of the bond was not fixed by the court, nor was any bond fixed by the court either by an order entered upon the docket or verbally. In Wiseman v. State, 70 Texas Crim. Rep., 477, the judgment was affirmed. In that case it seems that the court did not enter an order fixing the amount of bond, but the record failed to show that the court did not fix the amount verbally, and in addition the principal in the bond appeared and stood his trial. Under those circumstances the judgment was affirmed, but here it affirmatively appears that the amount of the bond was not fixed by the court. Had the trial judge testified that he had authorized the sheriff to take bail and had failed to carry this order into the minutes of the court, it might be brought within the rule laid down in the Wiseman case, *supra*. We think for above reason this forfeiture should not be sustained. We are also of opinion the contention that the bond and *scire facias* both show the accusation against the principal was by *complaint* for a felony in the District Court, renders the forfeiture invalid. The rule has been adhered to that the sufficiency of indictment cannot be inquired into on forfeiture, but it has also been held if there be no valid indictment, the forfeiture is without basis and cannot be sustained. See Brown v. State, 6 Texas Crim. App., 188; Harrell v. State, 22 Texas Crim. App., 692. Here it is affirmatively recited that the authority for the District Court to hold the appellant was upon a complaint in a felony case. It does not recite what felony was charged, but this court knows, and made so by law, that a felony case cannot be tried in the District Court except upon an dictment preferred by a grand jury. It has been held that an indictment preferred by an illegal grand jury may be attacked on a forfeiture of bail bond as not affording basis or taking a bond, and, therefore, not justifying its forfeiture. This was the basis of the opinion in the Harrell case, *supra*.

For the reasons indicated the judgment is reversed and the cause dismissed.

*Dismissed.*