R. G. Gould v. The State.

No. 7256. Decided January 24, 1923.

1.—Forfeited Bail Bond—Initials—Scire Facias.

Middle initials being unknown to our law it was not necessary to amend the *scire facias;* however, there was no error in doing so. Following McKay v. Speak, 8 Texas, 376, and other cases.

2.—Same Premature Judgment—Practice in Trial Court..

Where the bail bond in question obligated the principal to appear on October 3, and the forfeiture was taken October 11, following, and it was in evidence that on said last date indictments against the principal were returned into said court charging him with felony, and that there was a substantial compliance with the law, there was no reversible error.

3.—Same—Justice Court—Absence of Approval—Judgment Nisi.

Where appellants contended that the records of the Justice Court did not show that any bond was required of the principal, or the amount of such bond, or the acceptance or approval of same, that therefore the judgment nisi was void, *held,* that a failure to present any testimony to support this pleading there was no reversible error. Following Martin v. State, 16 Texas Crim. App., 267.

4.—Same—Justice Courts—Practice in Trial Courts—Parol.

Justice Courts are not courts of record, and except there be some positive violation of a mandatory direction of our statute shown, the action of a Justice Court in any matter inquired about which is proper may be shown by parol or other sufficient testimony.

5.—Same—Public Office—Presumption of Law.

That public officers have done and will do that which is requried of them is presumed by the Appellate Courts until the contrary is made to appear, and the State is not required to offer affirmative testimony supporting such presumption until it be overthrown by testimony to the contrary.

Appeal from the District Court of Hardeman. Tried below before the Honorable J. A. Nabers.

Appeal from a final judgment upon a forfeited bail bond in the amount of $1,000.00 against the principal and the sureties·

The opinion states the case.

*O. B. Freeman,* and *Flippan & Miller,* and *Hankins & Magee,* for appellant.—On question that bail bond cannot be forfeited prior to the day set apart for taking up criminal docket, Crowder v. State, 7 Texas Crim. App., 484.

On question that justice court record must show acceptance and approval of bond, Foat v. State, 13 S. W. Rep., 867; Turpin v. State, 215 id., 455; Gause et al. v. State, 131 id., 605.

*W.· A. Keeling,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State.—On question of initials, State v. Rhodious, 37 Texas 165; Whitner v. State, 41 S. W. Rep., 595.

LATTIMORE, JUDGE.—This is an appeal from the District Court of Hardeman County and from a final judgment upon a forfeited bond in the sum of one thousand dollars.

On October 11, 1921, in the District Court of Hardeman County, Texas, in cause No. 1495, State of Texas v· R. G. Gould, et al., a forfeiture of bond in the sum of one thousand dollars of. said Gould was declared and a judgment nisi was then entered against him as principal and Otto Lang and P. N· Gifford as sureties. Said bond was in form as following a felony complaint in justice court of precinct No. 1 of said county, was dated August 8, 1921, and bound said Gould to appear before the District Court of said county at its next regular term to be begun and holden at Quanah, the county seat of said county, on October 3, 1921, and there remain from day to day, etc. No complaint was made in the trial court nor is any presented here, of the form of said bond.

The initials of Mr. Gifford as signed to the bond were P. W., and the scire facias issued after judgment nisi, was served upon P. W. Gifford. A proposed amendment to the scire facias and judgment nisi was served on appellant's attorneys and was permitted by the trial court, and the final judgment was rendered against R. G. Gould, Otto Lang and P· W. Gifford, it being recited that it had been made to appear that P. N· and P. W. Gifford were one and the same person. There is no fact contention of this conclusion of the court below. In our opinion a middle initial being unknown to our law, the amendment was not necessary, but having been made, no error appears. McKay v. Speak, 8 Texas, 376; Cumming v. Rice, 9 Texas, 527; State v. Manning, 14 Texas, 402; Delphino v. State, 11 Texas Crim. App. 30; Anderson v. State, 19 Texas Crim. App·, 299; Jones v. State, 50 Texas Crim. Rep. 211; Thompson v· State, 64 Texas Crim. Rep. 514; Phillips v. State, 83 Texas Crim. Rep. 16.

The bail bond in question obligated Gould to appear upon October 3rd; the forfeiture was taken October 11th following; it was in .evidence that on October 11th indictments against Gould were returned into said court charging him with felonies. A claim that the forfeiture was prematurely taken is without merit. The Crowder case, 7 Texas Crim. App. 484, cited by appellant, is not in point. The bond therein under discussion bound the principal to appear June 14, 1877, and the forfeiture was had on June 13th. This was obviously wrong. It is not the intent of the law that a forfeiture may be taken captiously at some moment when the principal happens to be out of the hearing of the court on or after the date fixed for his appearance, but a substantial compliance only is necessary and one which would require his presence where he may be reasonably had when deemed necessary by the court before which he is bound to appear, and a forfeiture had for absence after such day and during the return term, would not be deemed premature but would place upon the parties obligated, the burden of showing an excuse or reason for such absence within the terms of the statute and satisfactory to the fair mind of the court·

Appellants answered, among other things, that the records of the justice court of precinct No. 1 of Hardeman County did not show that any bond was required of Gould, or the amount of such bond, or the acceptance of same, or its approval, by reason of which appellants insist that the bond and judgment nisi were void. The bond offered in evidence by the State was in cause No. 207, The State of Texas vs. R. G. Gould, and same appears to have been filed in the justice court August 10, 1921, and in the office of the district clerk of said county October 11th of said year. Appellants offered in evidence the contents of pages 208, 209 and 210 of the examining trial docket of said justice court purporting to show the entries in causes Nos. 208, 209 and 210. The State of Texas vs. A. E. Burns, alias Gould, alias Lawson except that cause 210 seemed only against Burns. Further than this we fail to discern any testimony supporting the proposition that there was no bond fixed by the justice court in cause 207 and no order made by the justice requiring Gould to give bond in said case. There being a failure to present any testimony to support the pleading above stated as forming part of appellant's answer, and the State being only required to introduce in evidence the bond and judgment nisi, (Martin v. State, 16 Texas Crim. App., 267) we are not called on to discuss the question as to the right of appellants to go back of a bond whose form was sufficient. That justice courts are not courts of record is well settled in civil law, and except there be some positive violation of a mandatory direction of our statutes shown, the action of a justice court in any matter inquired about which is proper might be shown by parol or other sufficient testimony. A warrant of arrest for R. G. Gould for

burglary in cause No. 208, supra, was in evidence showing his arrest and incarceration in the county jail of Wichita county, Texas. The county attorney of Hardeman county testified that he saw Gould in jail at Witchita Falls, and that they there agreed that Gould should waive his examining trial and that his bond be set at one thousand dollars in each of three cases against him. This witness said he notified the justice of the peace of precinct No. 1 upon his return to Quanah and said justice stated this was all right, it met with his approval. Said witness further testified that no examining trial was had but that after his said return the bonds of Gould were set and that upon acceptance of the bonds Gould was admitted to bail. Appellants cite Foat v. State, 13 S. W. Rep., 867. Gause v. State, 60 Texas Crim. Rep., 221, 131 S. W. Rep., 605, and Turpin v. State, 86 Texas Crim. Rep., 96, 215 S. W. Rep., 455. In the case of Foat v. State, 13 S. W. Rep., 867, 28 Texas Crim. App. 527, the question involved was the validity of a bond required of a witness by an examining magistrate. The requiring or giving bond by one as a witness, is unusual, but is authorized by Article 351 of our Code of Criminal Procedure which permits such officer upon the examination of any criminal accusation before him to require witnesses to give bail for their appearance. The extraordinary character of such proceeding further appears from the language of said article which provides that if a witness be unable to give security for his appearance, his individual bond shall be taken. We doubt the force of applicability to the instant case of an opinion holding that unless the certified proceedings, provided for in Article 349 of our C. C. P., show that bail was required of a witness, his bail bond could not be enforced. An examination of Article 349, supra, makes it appear that the examining magistrate is required to certify all proceedings had before him to the district clerk. The fact that this was done in the instant case seems in no way controverted. In Gause v. State, 60 Texas Crim. Rep., 221, 131 S. W. Rep., 605, the bond itself was held fatally defective in form, and an attempt to amend same was held bad for lack of notice to opposite parties. Nothing in Turpin v. State, 86 Texas Crim. Rep., 96, 215 S. W. Rep., 455, supra, will aid appellants here. The bond and judgment nisi discussed in said case, recited that the principal was "charged by complaint in the district court with a felony," and this was held bad. Another proposition involved in said case was that the bond was approved by the sheriff during term time of the District Court without an order of the judge authorizing the sheriff to take such bond. In passing on this matter Judge Davidson refers to Wiseman v. State, 77 Texas Crim. Rep., 677, 156 S. W. Rep., 683. We quote from the latter case:

"It is contended that this bond was taken by the sheriff without authority of the law. In other words, the contention is, as the statute says the court shall fix the amount of the bond under the circum-

stances detailed, that the sheriff was without authority to take the bond during term time, and, therefore, the bond was a nullity. See Acts Thirtieth Legislature, page 148, section 1. We are of opinion there is no such error in this matter as requires a reversal of the judgment. It is not shown by positive evidence that the court did not fix the amount of the bail. The conclusion from the record would be of a negative character that he did not fix the bond, because there was no entry of it and no facts introduced to show that he did fix it. The evidence does not show, however, that he did not verbally fix the amount of the bond and instruct the sheriff to take the bond in the amount. Be that as it may, under the authorities, as we understand them, where the bond has been taken under such circumstances, and the party appears before the court and is tried, and the bond is acted upon, it would not be sufficiently erroneous to require a reversal of the judgment. See Arrington v. State, 13 Texas Crim. App., 551; Lindsay v. State, 39 Texas Crim. Rep., 468; Thrash v. State, 16 Texas Crim. App. 271; Peters v. State, 10 Texas Crim. App., 302.''

We present this quotation as sustaining our view in regard to the proper disposition of the objection to the oral testimony of the county attorney and as seemingly decisive of the proposition that it may be shown by parol testimony what the proceedings were which in fact preceded the taking of a bail bond, and that failure to make some docket entry or show some written order therefor, is not reversible error.

In the instant case it was shown that appellant was in jail under arrest upon a warrant from the justice court of precinct No. 1 of said county, by which he was charged with a felony, and that he agreed to waive examining trial, and that his bond be fixed at a thousand dollars. That this bond might be taken by the officer into whose custody the accused had been committed by the magistrate, is in entire accord with our statutes. That appellant was charged with a felony in the justice court and made this bond to secure enlargement under such charge, is apparent from the terms of the bond itself. As stated above, no testimony was presented upon the issue as to whether the proceedings had in the Justice Court were properly certified to the District Court. Neither said justice nor the district clerk were offered as witnesses. That public officers have done and will do that which is required of them, is presumed by appellate courts until the contrary is made to appear. The State need have offered no affirmative testimony supporting such presumption until it be overthrown by testimony to the contrary. We have not attempted to discuss seriatim, the exceptions of appellants but have passed upon the substance of each contention made.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*