## R. M. REEVES ET AL. V. THE STATE.

### No. 11679.   Delivered March 21, 1928.

**1.—Bond Forfeiture—Jurisdiction of District Court—Rule Stated.**

The District Court has jurisdiction and authority over its orders, judgments and decrees during the term at which same were rendered. See cause No. 11436, opinion delivered this day, and authorities there cited.

**2.—Same—Continued.**

However, a District Court is without authority to vacate and set aside a valid nisi judgment rendered at a preceding term of court, at a subsequent term, because such judgment has been erroneously entered in the minutes of the court by the clerk.

**3.—Same—Continued.**

As long as a valid and subsisting nisi judgment is in existence, the state is without authority to take a second forfeiture and enter a second nisi judgment.   Art. 435, C. C. P., provides: "The judgment declaring the forfeiture shall not be set aside because of any defect of form, but such defect of form may, at any time, be amended under the direction of the court."   See Burris et al. v. State, 34 Tex. Crim. Rep. 551, and Edwards v. State, 100 Tex. Crim. Rep. 582.

**4.—Same—Continued.**

As long as a valid nisi judgment was in existence, a second one was unauthorized, and the final judgment from which this appeal was taken, being based upon such second nisi judgment, was wholly invalid and of no effect.

Appeal from the Criminal District Court No. 2 of Dallas County.   Tried below before the Hon. C. A. Pippin, Judge.

Appeal from a second *nisi* judgment upon forfeiture of an appearance bond.   Reversed.

The opinion states the case.   Also see companion case, R. M. Reeves et al. v. State, No. 11679, reported in this volume.

*J. D. Kugle* and *W. B. Harrell* of Dallas, for appellants.

*A. A. Dawson*, State's Attorney, for the State.

MARTIN, JUDGE.—The indictment, appearance bond and parties are all identical with those in cause No. 11436, opinion delivered on this day, to which reference is here made for a more complete statement of the facts.

A brief restatement of the main facts with some additional facts is perhaps necessary.   On the 22nd day of June, 1927, a judgment *nisi* was entered against appellants for the sum of $1,000 upon forfeiture of an appearance bond which was written for $2,000.   At the next succeeding term of the court, namely, the July term, a final judgment for $2,000 was entered without any correction or amendment of the *nisi* judgment. the sureties filed exceptions to such judgment and gave notice

of appeal and filed their supersedeas appeal bond. Thereafter an order was entered as of July 25, 1927, reciting:

"Whereas the amount of the bond filed in this cause was $2,000, and whereas the clerk in entering the judgment *nisi* erroneously placed the amount at $1,000, when in truth and in fact the judgment *nisi* was for the amount of the bond, as shown on the docket entry at the time of the rendition of said judgment, which said amount was $2,000, and it clearly appearing to the court that the word '$1,000' in said judgment was a clerical error and that the real judgment was for the sum of $2,000, it is therefore ordered, adjudged and decreed by the court that the district clerk correct said judgment *nisi* so as to conform to the actual judgment of the court," etc.

This last order was entered without any notice to the sureties. Therafter on the 17th day of September, 1927, the court of his own motion summarily entered an order vacating both the *nisi* judgment entered at the June term of the court and the final judgment rendered thereon July 20, 1927. A new forfeiture was then taken of the bond, *scire facias* issued, and a second *nisi* judgment entered on the 17th day of September, 1927, and was made final on November 5, 1927, against appellants' sureties, from which judgment this appeal is prosecuted.

The decision of this case rests upon the answer to the question of whether or not the trial court was vested with the power and authority to vacate its *nisi* judgment entered at the June term, 1927, of the District Court by an order entered at the succeeding term of the said court under the facts and circumstances above set forth.

We held in cause No. 11436, this day decided and already referred to, that the court had jurisdiction and authority over its orders, judgments and decrees during the term at which same were rendered, but on this appeal there already having been made and entered a *nisi* judgment at the preceding term of the court, appellants' claim that the District Court was without authority of law at the succeeding term of the court to vacate such *nisi* judgment and that its second forfeiture and second entry of a *nisi* judgment was illegal and void because there already existed a valid *nisi* judgment made at a preceding term of the court. That as long as a valid and subsisting *nisi* judgment is in existence the state is without authority to take a second forfeiture and enter a second *nisi* judgment is well settled. Burris et al. v. State, 34 Tex. Crim. Rep. 551. Edwards v. State, 100 Tex. Crim. Rep. 582. The record affirmatively discloses that a valid and correct judgment was in fact

taken by the state at the June term but that same was mistakenly and erroneously entered by the clerk in the minutes, who made same read $1,000 instead of $2,000. If the *nisi* judgment as exhibited in the minutes at the June term of the court was a clerical mistake and was defective in form only as distinguished from a void judgment, we think under the plain terms of the statute that the court lacked the power and authority to vacate same, though he has express authority to amend and correct the same upon proper notice. The recitals of the order of the court quoted above amending this *nisi* judgment affirmatively show that it was not a void judgment and that in fact a valid judgment was taken, made defective by the carelessness of the clerk in entering the same. There has been laid upon the trial courts by the terms of Art. 435, C. C. P., an express inhibition against vacating such a judgment. This article reads in part as follows:

"The judgment declaring the forfeiture shall not be set aside because of any defect of form, but such defect of form may at any time be amended under the direction of the court."

This article has been set into Chap. 4, Title 7, C. C. P., dealing with bond forfeitures and made to apply particularly to judgments of this character. This has some significance and may have been because the legislature regarded them as of that interlocutory character which it seems might be vacated after the end of the term under the rule at common law, and decided upon the enactment of a statutory rule prohibiting such action. Reasons might be given why a valid forfeiture of a bond, penal in its nature, ought not to be vacated at the pleasure of the court because of the possible embarrassment it might occasion the sureties. Such bonds are to be strictly construed.

Art. 436, C. C. P., lays down the following rule:

"The following causes, *and no other,* will exonerate the defendant and his sureties from liability upon the forfeiture taken."

It then specifically points out the only defenses which will authorize the court to declare invalid and vacate such *nisi* judgment. It seem's strange that the legislature should see fit to enact Art. 435, applying particularly to judgments of the character under discussion, if its terms were not meant to be mandatory. In our opinion such was the intention of the legislature. It therefore follows that the order of the court summarily vacating the *nisi* judgment made at a previous term of the court was void. As before stated, as long as a valid *nisi* judgment was in existence a second one was unauthorized and

the final judgment from which this appeal was taken being based upon such a *nisi* judgment, was wholly invalid and of no effect. The proper procedure for the state to have taken was to amend and correct the *nisi* judgment taken at the June term, 1927, after notice to all parties. Gause v. State, 60 Tex. Crim. Rep. 221. Such a procedure may still be followed, in our opinion, by the state.

Because the court was without authority to enter the final judgment for the reasons above pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.