C. A. NORTON ET AL. V. THE STATE.

No. 13464.   Delivered October 8, 1930.
Rehearing denied November 5, 1930.
Reported in 31 S. W. (2d) 1087.

The opinion states the case.

*H. D. Payne* of Floydada, for appellants.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The appeal is from a final judgment upon forfeiture of a bail bond.

A forfeiture of the bond was taken May 5, 1929, and judgment nisi duly entered. Thereafter the sureties were cited to appear at the next term of court. Appearing and filing answer, they excepted to the judgment nisi on the ground that it authorized a recovery against each surety for the full sum of the bond. The exception was sustained. The court recited in the order sustaining the exception that the judgment nisi was invalid and would not support a final judgment. The order concludes as follows:

"It is therefore ordered adjudged and decreed that the defendants' special exception No. 1 as contained in their answer be in all things sustained and as to the judgment being made final basing said judgment upon said nisi judgment heretofore entered on the 6th day of May, 1929, in this cause, be denied and that plaintiff take nothing and that defendants C. A. Norton and Lelah M. Robbins be discharged with their cost."

Thereafter, on August 5, 1929, a second forfeiture of the bond was had and judgment nisi duly entered. The sureties were cited to appear at the next term of court. Answer being filed, the court, upon hearing the evidence, entered final judgment against the principal and sureties.

It appears that the cause was not docketed on the civil docket but was carried on the criminal docket under the number given the criminal case. Relying upon the provisions of Art. 433, C. C. P., appellants questioned the authority of the court to enter judgment. We quote said article as follows:

"When a forfeiture has been declared upon a recognizance or bail bond, the court or clerk shall docket the case upon the scire facias or upon the civil docket, in the name of the State of Texas, as plaintiff, and the principal and his sureties, as defendants; and

the proceedings had therein shall be governed by the same rules governing other civil suits."

There is nothing in the record indicating that appellants were injured by the failure of the clerk to docket the case in the manner prescribed in the foregoing statute. The case was docketed on the criminal docket and carried the same number from its inception. When appellants filed their answer to the first forfeiture they failed to call the attention of the court to the fact that the case had not been entered on the civil docket. Not until a second forfeiture had been entered did they question the manner in which the case had been docketed. We are of the opinion that the provision of the statute relative to docketing was enacted in the interest of orderly procedure and is directory, and that in the absence of a showing of injury by failure to enter the case upon the civil docket, this court would not be warranted in ordering a reversal. There may be cases which contain expressions seemingly at variance with what is here held, but same are overruled.

Appellants contend that the order of the court sustaining their exception to the first judgment nisi fails to set aside such judgment nisi. We are unable to sustain this contention.

It is urged that if the judgment nisi was set aside, the court was without authority to take such action, inasmuch as the proper procedure would have been for the state to file a motion to correct and give notice thereof to the principal and sureties in the bond. Appellants took the position in the trial court that the judgment nisi was void. If void, it was properly set aside. Reeves, et al. v. State, 4 S. W. (2d) 50. If defective in form only the court lacked the power and authority to vacate it. Art. 435, C. C. P.; Reeves, et al. v. State, supra. Be that as it may, appellants invited the action of the trial court. We quote from Texas Jurisprudence, vol. 3, sec. 731, as follows:

"A litigant on appeal or writ of error may not seek a reversal for error which he himself has committed or invited, even though the error is fundamental. One who by his own conduct has induced the trial court to commit error is estopped to assert that the action of the court is erroneous. For example, parties who have induced the trial court to act upon a certain assumption or theory will not thereafter be heard to say that the hypothesis is not correct."

Appellants contend that the action of the court in entering a second judgment nisi was equivalent to an amendment of the first judgment at a term subsequent to its rendition, and that therefore it

was incumbent upon the state to give notice to the principal and sureties in the bond. We do not understand that the judgment was amended. Appellants sought to have the court declare the first judgment nisi void. Their position was sustained and the judgment nisi set aside. The effect of the order vacating the judgment was to leave appellants in precisely the same position they occupied before the first forfeiture. They rested on their bond without a forfeiture of the same. Anderson v. State, 19 Tex. Court of Apps. 299.

In the state of the record, the opinion is expressed that the first forfeiture was set aside and that the court properly permitted a second forfeiture and entry of judgment nisi thereon. We quote from Anderson v. State, supra, as follows:

"The effect of this order vacating the judgment and quashing the citation was to leave appellants in precisely the same condition occupied by them before the forfeiture, because each and every step taken in the prosecution of the first suit, upon motion of the appellants, was by the solemn decree of the court declared null and void, thus leaving the parties in statu quo; to-wit, resting on their bond without a forfeiture of same. Certainly it will not be contended that by these proceedings the bond was rendered nugatory, for it remained in full force and effect, just as if no forfeiture had been taken. We are of the opinion that there was no suit pending between the parties."

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—An examination of the appellants' motion for rehearing leaves us of the opinion that in the original hearing the proper disposition was made of the appeal.

The motion is overruled.

*Overruled.*

Hawkins, J., absent.