## J. D. LAMAR V. THE STATE.

No. 21495.  Delivered March 19, 1941.

The opinion states the case.

*L. C. Counts,* of Olney, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is rape; the punishment, confinement in the penitentiary for five years.

Prosecutrix, Bertha Lee Hilley, was thirteen years of age at the time of the alleged assault, which, according to her testimony, occurred on the 20th of July, 1940. It was her version that she and appellant had been together on numerous occasions, and that on the date heretofore mentioned appellant had carried her in his automobile to a pasture about four o'clock in the afternoon. At this juncture we quote from the testimony of prosecutrix as follows:

"The defendant put his hands on me, he stripped me, and then got on top of me, and he had intercourse with me; yes, sir, he did something to me. I know what sexual intercourse is. He had sexual intercourse with me. Out there on that afternoon he put his private parts in my private parts. I am telling you this is what happened on the afternoon of July 20, 1940.

"It was about four o'clock in the afternoon when we were out there in the pasture; we went out in the pasture after we had gone out on the Newcastle road. That is when he stripped me, out in the pasture, and by that I mean he took off my clothes, pulled my underclothes off of me.

"After he took my underclothes off of me he got on top of me and then he put his privates in my privates and we had

intercourse; then we come back to town. I don't remember whether he used any rags or towels out there that time or not. He did not use any rubber.

"I went out there in his car with him; it was the car he drives as a taxi cab. What I have testified to happened here in Young County, Texas, on or about the 20th of July. The next day after this happened, that I have just testified about, I took Mr. Grantham out to the place where it happened and showed him. I showed him some rags out there that day. I don't remember whether those rags were left there by J. D. Lamar or not."

C. G. Grantham, a member of the State Highway Patrol, testified to having gone to the point in the pasture designated by the prosecutrix for the purpose of making an investigation. He said: "I found several things out there, among them was a rubber and some rags. I put these rags and rubber in the car and brought them into town. I later sent them to the chemist at the state laboratory in Austin to have them examined and tested. * * * Those articles were later returned to me and I have them now." The witness also testified that he examined the tires on appellant's car and found that they made "the same kind of a track as the tracks" he found in the pasture where it was alleged the assault had been committed. He said: "That was the only car track out there in the pasture that I found."

The chemist for the Department of Public Safety testified to having examined the rubber and rags sent him by Mr. Grantham. We quote from the testimony of the witness: "My examination of this yellow rag and tissue paper—it was the discharge from the private organs of a man—I found some of that on the yellow rag and also on the rubber, none on the tissue paper."

Testifying in his own behalf, appellant admitted that he had associated with prosecutrix and her family. He denied that he had ever had sexual intercourse with prosecutrix. His testimony raised the issue of alibi, and upon this point he introduced witnesses who corroborated him.

We have only undertaken to set out enough of the testimony to show that the jury were warranted in accepting the version of the State. We deem the evidence sufficient to support the judgment of conviction.

Appellant made a motion to quash the indictment on the ground that it was duplicitous. It appears to be his position that two offenses are charged in the single count of the indict-

ment. Omitting the formal parts, the indictment reads as follows:

"J. D. Lamar * * * did then and there unlawfully in and upon Bertha Lee Hilley, a female then and there under the age of eighteen years, did make an assault, and the said J. D. Lamar did then and there ravish and have carnal knowledge of the said Bertha Lee Hilley, the said Bertha Lee Hilley not being then and there the wife of the said J. D. Lamar * * *."

In Schroeder v. State, 241 S. W. 169, this court, speaking through Judge Morrow, used language as follows:

"In the indictment, it is charged:

"That the appellant '* * * did then and there unlawfully in and upon Rada Bowers, a female, then and there under the age of eighteen years, and other than the wife of the said J. E. Schroeder, did make an assault and did then and there by force and without her consent attempt to ravish and have carnal knowledge of the said Rada Bowers against the peace and dignity of the state.'

"Our statute defining rape does not create two offenses. If the assault be committed upon a woman above the age of 18 years, it must be by force, threats, or fraud. If upon a female under the age of 18 years, it is rape whether with or without consent, and with or without the use of force, threats, or fraud. Penal Code, art. 1063. The averment in the indictment that the carnal knowledge was had by force, and without the consent of the prosecutrix, did not render it duplicitous, nor otherwise render the indictment inadequate."

We are constrained to overrule the contention that the indictment is duplicitous.

It was appellant's further contention, as shown in his motion to quash, that the indictment failed to show that it was presented "upon the oaths" of the grand jurors. This contention is based upon the fact that instead of using the word "their" before the word "oaths" the pleader used the word "the." The indictment shows that the grand jurors had been duly organized. This being true, we would not feel warranted in holding that the error mentioned is substantial. We quote from Branch's Ann. Texas P. C., section 471, as follows:

"It is not essential to allege in the indictment that the grand jurors were sworn or that the presentment was made upon their oaths or affirmations. Chevarrio v. State, 17 Texas Crim. App.

390. Vanvickle v. State, 22 Texas Crim. App. 627; 2 S. W. 642. Hart v. State, 44 S. W. 1105."

Because it was shown that prosecutrix had been taken into custody by the officers and questioned relative to the transaction involved herein, it is appellant's position that the provisions applicable to coerced confessions, as set forth in Article 727, C. C. P., should apply and that his motion to withdraw the testimony of prosecutrix from the consideration of the grand jury should have been sustained. In the course of her testimony prosecutrix said: "I told this on Dude Lamar (appellant) because he did this to me. I didn't tell it on him to keep from laying it off on somebody else. I told it because he did it." We think appellant's motion was properly overruled. We do not think the provisions of Article 727, C. C. P., relating to confessions, are applicable to the situation here presented. The fact that prosecutrix had been taken into custody and questioned at length concerning the transaction did not render her testimony inadmissible. She testified on the stand that she had told the truth when she stated to the jury that appellant had had sexual intercourse with her on the occasion in question. Her credibility and the weight to be given to her testimony were for the jury. It might be added that the circumstances heretofore pointed out strongly corroborated her. We say this in view of the fact that it is also appellant's contention that under the circumstances reflected by the record the testimony of prosecutrix is without cogency.

Appellant's exception to the charge on the ground that it failed to embrace an instruction covering the law of circumstantial evidence was properly overruled. Prosecutrix testified positively that appellant had an act of sexual intercourse with her.

We deem appellant's bills of exception relative to the testimony of Mr. Grantham and the chemist to be without merit. It was proper for the State to show by Grantham that he visited the scene of the alleged assault and found the articles mentioned in his testimony to which reference has been made. Moreover, it was proper to permit him to testify that he found tracks at the scene of the alleged assault and that the tires on appellant's car made similar tracks. Again, there was no error in permitting the chemist to testify as to his examination of the articles delivered to him by Grantham. Whether appellant was

present or not was immaterial. The testimony in question was not hearsay.

A careful examination of all of appellant's contentions leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.