## JOE BONDS v. STATE

No. 27,554. May 4, 1955
Rehearing Denied '(Without Written Opinion)
June 15, 1955

*Maury Hughes* and *Angelo Piranio,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *John Burns, W. F. Alexander, James K. Allen,* and *George P. Blackburn,* Assistants

Criminal District Attorney, Dallas, and *Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was convicted of the offense of sodomy, and his punishment assessed at eight years' confinement in the penitentiary.

The evidence shows that appellant was interested in and with his wife operated three night clubs in the city of Dallas in Dallas County, Texas; and that in the early part of September, 1954, he employed the prosecuting witness, a girl, who, under her testimony, was 15 years of age at the time of her employment and on the date of the alleged offense.

The prosecuting witness testified that on the afternoon of September 21, 1954, appellant took her by force to one of his places known as the "Blue Isle"; that when they got inside the office he started choking and cursing her, made her take off her clothes and lie on the floor; that appellant then told her to open her mouth, and when she did, he, without her consent, put his male sexual part in her mouth; that appellant then made her get on a couch, whereupon they had sexual intercourse, and while she was on the couch appellant put his tongue in her vagina.

Appellant, as a witness in his own behalf, denied the testimony of the prosecuting witness as to the commission of the offense, stating that her testimony was untrue and that he had never had an act of intercourse with her either in a natural or unnatural way.

Appellant in his brief presents four assignments of error.

The first assignment of error is to the action of the court in overruling appellant's motion to quash the first count of the indictment which was submitted to the jury.

The indictment, in charging the commission of the offense, alleged *** "did unlawfully make an assault in and upon *** another human being, and did then and there have carnal copulation in an opening of the body, to-wit: the mouth, the same not being a sexual part of the said *** and did then and there commit, against the order of nature, the abominable and detestable crime of sodomy, ****."

Appellant moved to quash this count of the indictment for the reason that the same, in charging the commission of the offense, charged that appellant did unlawfully make an assault upon the injured party.

Appellant alleged in the motion to quash, and now here insists, that there is no provision in the sodomy statute which makes an assault an element of the offense; that an assault upon a female constitutes a separate and distinct offense, and therefore, the indictment is duplicitous in that it charges two separate offenses in the same count. Appellant further contends that the count of the indictment is void because it does not follow the simple language of the sodomy statute and that by charging an assault it is highly prejudicial and inflammatory and cannot be treated as surplusage.

From a reading of the indictment in this case, it is apparent that only the main offense of sodomy was charged and that the allegation of the assault was made as descriptive of the offense of sodomy and a narration of the facts leading up to the main offense charged.

It is the rule that statements in an indictment which are in the nature of a description or inducement and which are a mere narration of the facts leading up to the main offense, are not to be understood as charging a second offense in the same count. 27 American Jurisprudence, p. 685, par. 125.

In Lamar v. State, 141 Texas Cr. R. 361, 149 S.W. 2d 89, it was held that an indictment for rape upon a female under the age of 18 years was not duplicitous because of an allegation that the accused made an assault upon the prosecutrix. In an indictment for statutory rape, an allegation as to an assault upon the prosecutrix may be eliminated as surplusage. Young v. State, 89 Texas Cr. R. 230, 230 S.W. 414.

We conclude that the indictment is not duplicitous because the same alleged an assault in charging the offense of sodomy and that the court did not err in overruling appellant's motion to quash.

Appellant's second assignment of error is predicated upon Informal Bill of Exception No. 6 which complains of a certain question propounded to him on cross-examination by state's counsel.

The bill shows that appellant, while testifying that he had gone to Captain Preston after one of his places had been raided, was asked by state's counsel:

"Q. Is that when you told him that you were a former member of the mafia? A. You are trying to frame me -- you are trying to persecute me.

"Q. I am asking you a question -- A. (Interrupting) That is not true.

"Q. Do you deny that you told Captain Preston that?

"MR. HUGHES: I object to this -- prejudicial, irrelevant and immaterial --

"THE COURT: Overruled.

"MR. HUGHES: Exception.

"A. I told Captain Preston he must be reading detective stories.

"Q. (By Mr. Alexander) Do you deny that you told Captain Preston that you were a former member of the mafia, and that if he would stop the liquor violation beef you would give him the names of the heads of the mafia all over Texas? A. That is fantastic.

"MR. HUGHES: I object to all of this, it is prejudicial, irrelevant and immaterial --

"THE COURT: Sustain it about the mafia.

"MR. HUGHES: I want the Court to instruct the jury --

"THE COURT: You will disregard anything about the mafia."

The record further shows that after appellant had retired from the witness stand and rested his case, his counsel, in the absence of the jury, dictated a motion requesting the court to instruct the jury to disregard the question and "to strike all the testimony and disregard even the asking of the question." Such motion was by the court overruled.

An examination of the bill reflects that the court sustained appellant's objection to that portion of the question inferring that appellant had said he was a former member of the mafia. Appellant answered that such inference was fantastic. The court instructed the jury to disregard anything about "the mafia." Appellant did not ask for a mistrial.

We are unable to perceive any injury to the appellant by reason of the asking of the question in view of his answer and the court's action in sustaining his objection thereto and instructing the jury to disregard anything about "the mafia." There is nothing in the record which shows what was meant by the mafia. The court did not err in overruling the motion made by appellant's counsel after he had rested his case in view of the court's prior instruction to the jury. The jury had been fully instructed, and any further instruction would have only served to emphasize the matter of which appellant was complaining.

Appellant, by his third assignment of error, complains of the action of the court in permitting state's counsel, over his objection, to ask him if he would like to tell the jury how he got a scar on his face. Appellant's answer to the question was in the negative. We do not perceive any injury to appellant by reason of this inquiry. Appellant was not required to tell how he received a scar on his face. There is nothing in the record to show that appellant received a scar on his face while participating in any unlawful act.

Appellant includes in his fourth assignment of error certain exceptions to the court's rulings as shown by Informal Bills of Exception Nos. 1, 2, 3, 4, 8, 9, and 11.

We have examined these bills of exception and conclude that they do not reflect reversible error. However, we will discuss Bill of Exception No. 8.

This bill reflects that appellant, while being cross-examined by state's counsel, was asked, "That was your place and you were on the premises out there when Lois Green got himself killed out there, weren't you, Joe?" The record shows that the court sustained appellant's objection and instructed the jury "to disregard any question or statement about Lois Green doing anything, anywhere, at any time." Appellant did not move for a mistrial notwithstanding the court's instruction to the jury to disregard the question asked. In view of the court's action in sustaining appellant's objection to the question (which was unanswered) and instructing the jury to disregard the same, no error is shown by this bill of exception.

Finding the evidence sufficient to support the conviction, and no reversible error appearing in the record, the judgment is affirmed.

Opinion approved by the Court.