R. H. MEYERS V. STATE

No. 28,091. March 21, 1956.

*Harold W. McCracken,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *J. J. Fagan,* Assistant Criminal District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

This is an appeal by R. H. Myers, one of the sureties on the appeal bond of Joe Bonds whose conviction for sodomy was affirmed by this Court in Bonds v. State, No. 27,554, reported in 161 Tex. Cr. Rep. 658, 280 S.W. 2d 263.

Judgment nisi was entered when Joe Bonds failed to appear and make himself available after the mandate of this court had issued, in order to abide the judgment of this court.

The jurisdiction of the trial court to enter the forfeiture is attacked (1) because it was not shown that the case against Bonds was properly transferred from Criminal District Court No. 2, where the indictment was returned, to Special Criminal District Court where the conviction was had, the appeal bond entered into and the judgment nisi entered; and (2) because the act creating Special Criminal District Court expired by its own terms on August 31, 1955, and the act creating Criminal District Court No. 3, wherein the forfeiture was made final, did not become effective until September 7, 1955, and made no provision for transfer of cases pending in Special Criminal District Court to Criminal District Court No. 3.

In Ex Parte Priest, (page 398 this volume), 286 S. W. 2d 164, we held that the Special Criminal District Court and Criminal District Court No. 3 of Dallas County were one and the same court, the act of the 54th Legislature, Ch. 256, page 711 (Art. 52-24(c) V.A.C.C.P.) having made the court a permanent one and changed its name from Special Criminal District Court of Dallas County to Criminal District Court No. 3 of Dallas County.

The fact that the act last mentioned did not become effective

until 90 days after the 54th Legislature adjourned, which was seven days after the act provided the law would go into effect, does not alter our holding in Ex Parte Priest. The law had been enacted providing for the temporary court to become a permanent one long before expiration of the time which the temporary court was created.

We overrule the contention that the proceedings in Criminal District Court No. 3, after September 7, 1955, in which the judgment nisi entered in Special Criminal District Court prior to August 31, 1955, was made final, were void.

Sureties upon an appeal bond or recognizance may not question the validity of the indictment or the conviction of the principal. Martin et al v. State, 16 Tex. App. 265.

If they may question the validity of the order transferring the indictment against Bonds to the Special Criminal District Court, then lack of authority on the part of the judge of Criminal District Court No. 2 to make the transfer is not shown.

It was not incumbent upon the state to make proof of the return of the indictment and its transfer to the court in which the appeal bond was entered into, and the indictment itself need not have been offered. Heiman v. State, 70 Tex. Cr. R. 480, 158 S. W. 276; Gould v. State, 94 Tex. Cr. R. 18, 252 S. W. 772.

If the question is before us, we hold that Art. 52-9 V.A.C. C.P., relating to transfer of causes from Criminal District Court No. 2 of Dallas County, construed in connection with Art. 52-24(b) V.A.C.C.P. creating Special Criminal District Court of Dallas County, furnished authority for the transfer of cases to Special Criminal District Court.

The judgment is affirmed.