TURMAN v. STATE. (No. 4474.)

(Court of Criminal Appeals of Texas. May 16, 1917. On Motion for Rehearing, June 13, 1917.)

1. CRIMINAL LAW ☞1086(8) — APPEAL AND ERROR—SUFFICIENCY OF RECORD.

Where an indictment is the basis of a criminal prosecution, the record on appeal must contain it.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2746–2748, 2750, 2751, 2770.]

2. INDICTMENT AND INFORMATION ☞1 — NECESSITY.

A complaint and information in the county court or an indictment in the district court are necessary to sustain a conviction.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 1–3.]

On Motion for Rehearing.

3. BAIL ☞71—APPEAL AND ERROR—RECOGNIZANCE.

Where one convicted of a misdemeanor entered into a bond after adjournment of court, but did not enter into a recognizance during term time, the bond does not comply with the law requiring a recognizance, and his appeal will be dismissed.

Appeal from District Court, Mason County; N. T. Stubbs, Judge.

Jim Turman was convicted of carrying a pistol, and appeals. Appeal dismissed.

E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of carrying a pistol; his punishment being assessed at a fine of $125.

[1, 2] The transcript is somewhat peculiar. It recites on the 5th of October, 1916, the grand jury returned the indictment. On the 9th of March, 1917, there was a judgment entered assessing a fine of $125; and there is a judgment on March 10th overruling the motion for new trial, and entering notice of appeal, and granting 20 days after adjournment of court in which to make up and file statement of facts and bills of exception. This is all of it. There is no caption to the transcript; it does not show what court tried the case, or when it opened and adjourned. The indictment is not in the record. The statement of facts and bills of exception are not included, if any were filed. Without the indictment being in the transcript, there is no basis for the prosecution. Where an indictment is relied upon as a basis of the prosecution or charge upon which the party is tried, it must be sent up in the record. Under our law, constitutional, statutory, and decisions, it is necessary and prerequisite to a prosecution and conviction of a citizen of this state that he either have a complaint and information, if in the county court, filed against him, or, if in the district court, by an act of the grand jury an indictment. Without these necessary papers the state has preferred no charge against appellant, and there is no basis for the prosecution.

The judgment will be reversed, and the prosecution ordered dismissed.

On Motion for Rehearing.

At a former day of the term the judgment herein was reversed, and the prosecution dismissed, as shown by the original opinion. In a motion for rehearing filed by the state it is made to appear by proper transcript that an indictment was returned to form the basis of the prosecution, and the motion therefore to reinstate the case will be granted and disposed of on the record as now before the court.

[3] There are neither bills of exception nor a statement of facts in the record. This is a misdemeanor conviction for violating the pistol law. After the adjournment of court appellant entered into a bond, but did not enter into a recognizance during term time. The bond cannot be regarded as a compliance with the law requiring a recognizance where the party desires to appeal, and for this reason the appeal will be dismissed.