## JAMES DAVID GREEN v. STATE

No. 28,992. June 12, 1957.

*Barlow* and *Keene* and *Henry Valdespino*, San Antonio, for appellant.

*Hubert W. Green ,Jr.*, Criminal District Attorney, and *Richard J. Woods*, First Assistant Criminal District Attorney, San

Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

ON MOTION FOR REHEARING

MORRISON, Judge Presiding.

The offense is robbery, with two prior convictions alleged for enhancement; the punishment, life.

Our original opinion herein is withdrawn and in view of our disposition of this case, a recitation of the facts will not be deemed necessary other than to observe that the state, as we now view the matter, failed to prove that one of the prior convictions alleged for enhancement was a conviction for a felony less than capital in order to bring into operation the terms of Article 63, V.A.P.C.

The two prior convictions alleged for enhancement were from the State of California. The first was for the offense of robbery. The record contains an information and a commitment in that case but no judgment. The commitment recites that the appellant was found to be under the age of twenty-one years and was "committed to the Youth Authority of the State of California for the time prescribed by law." There is no showing in this record as to what the laws of California are in regard to juvenile offenders or in regard to prosecutions of a minor felony. In the absence of such a showing, we must assume that they are the same as ours. Ex parte Gardner, 159 Texas Cr. Rep. 365, 264 S.W. 2d 125. In this state, an adjudication that one was a juvenile delinquent could not be plead as a former conviction under the repetition of offenses statutes.

Appellant was not represented by counsel. In view of the relatively recent opinion by the Supreme Court of the United States in Chandler v. Fretag, 348 U.S. 3, 99 L. Ed. 4, 75 Sup. Ct. 1, we again highly recommend that an indigent accused who is charged with a felony have counsel made available to assist in his defense, especially where the charge is a violation of the repetition of offenses statutes, Articles 62, 63, and 64, V.A.P.C.

The judgment is reversed and the cause remanded.