**Zeno GREEN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 37753.**

Court of Criminal Appeals of Texas.

March 3, 1965.

Joe R. Carroll, Snyder, for appellant.

Wayland G. Holt, Snyder, Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is passing as true a forged instrument in writing; the punishment, enhanced by two prior convictions for felonies less than capital, life.

The facts are thus stated in appellant's brief:

"Interpreting the evidence in a light most favorable to the state, Zeno Green, a Negro man, in company with one Robert Hood, a white man, during the daylight hours, went to a service station owned and operated by Ed Neves, and asked the said Neves to cash a check which is the subject of this prosecution. Neves at first refused to cash the check, and upon the assurance of the said Robert Hood, a regular customer of Neves, that he the said Robert Hood would stand good for the check, Ed

Neves cashed the check in question and it subsequently developed that such check was a forgery. Ed Neves, Robert Hood, and James Collins, an employee of Ed Neves, all identified Zeno Green as being the person who presented the check to Ed Neves and obtained cash therefor.

"The state proved that Zeno Green had been twice previously convicted of felony offenses less than capital, and the jury found that he was guilty of the primary offense and that he had been twice previously convicted of felony offenses less than capital. Accordingly, the Court sentenced the said Zeno Green to life imprisonment, and after the defendant's motion for new trial was overruled, this appeal was taken.

"The defendant did not testify nor offer any evidence."

The check described in the indictment was introduced in evidence.

Reversal is sought upon the ground that the trial court erred in overruling appellant's objections to the court's charge. First, his objection to the charge relating to the prior convictions and the form of verdict to be returned if the jury found him guilty of passing a forged instrument and the instruction: "and you further find and believe from the evidence beyond a reasonble doubt that the state has proved to your minds" that the defendant committed and had been previously convicted of the prior offenses alleged.

The charge is substantially in the form set out in 1 Branch's Ann.P.C.2d, p. 689, and in Erisman's Manual of Reversible Errors, Section 618.

The paragraph of the court's charge setting out the definition of forgery found in Art. 979 P.C. was objected to on the ground that such portion of the charge was calculated to lead the jury to believe that appellant was guilty of forgery.

The preceding paragraph informed the jury that appellant was charged with unlawfully passing as true, to Ed Neves, the forged instrument set out in the indictment, and the succeeding paragraph is in the language of Art. 996 P.C., which provides a punishment for knowingly passing as true any such forged instrument.

If there was error in the charge it was not such as was calculated to injure the rights of appellant or to deprive him of a fair and impartial trial, hence would not call for reversal. Art. 666 C.C.P.

The judgment is affirmed.