Ex parte Charles Jay AUTEN.

No. 42506.

Court of Criminal Appeals of Texas.

Oct. 22, 1969.

Rehearing Denied Dec. 10, 1969.

———◆———

R. T. Scales, Dallas, (Court-Appointed), for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

Petitioner, an inmate of the Texas Department of Corrections, seeks discharge from confinement under life sentence affirmed by this court in Auten v. State, 429 S.W.2d 894.

Hon. Jerome Chamberlain, Judge of Criminal District Court of Dallas County, concluded without a hearing that a prior conviction in Oklahoma for burglary, second degree, was improperly used for enhancement because petitioner was not represented by counsel at the trial. He ordered that the sentenced be reduced from life (Art. 63 P.C.) to 4 years (Art. 62 P.C.) maximum punishment for attempted burglary.

The minutes of the District Court Bryan County, Oklahoma, where the prior conviction was had, reflect that petitioner herein and his co-defendants "being advised by the court of their Constitutional Rights to Counsel and trial by Jury, waives said right and each of them enters a plea of guilty to the crime of Burglary in the second degree as charged in the information * * *."

The record on appeal reflects that the punishment was assessed by the court after a jury verdict of guilty (Auten v. State, No. 41,319, Tex.Cr.App., 429 S.W.2d 894) and that at the punishment hearing the state introduced as Exhibit 3 certified copy of "the information and indictment" in the Oklahoma case and as Exhibit 3a the "prison packet from the State of Oklahoma reflecting the certified judgment and sentence in said Cause No. 4075 in District Court Bryan County, Oklahoma." (Exhibit 3a is missing from the file in No. 41,319.)

The record on appeal also reflects the following:

"The Court: Mr. Auten, do you and your attorney both agree that the allegations contained in paragraphs 2 and 3 of the indictment are true?

"Mr. Wilson: Yes, Sir."

There is no finding of the court or any allegation in the habeas corpus petition that petitioner was indigent when convicted in said Oklahoma case.

Unless Oklahoma has a statute requiring a defendant who waives a jury to have

counsel, Ex parte Greer, Tex.Cr.App., 408 S.W.2d 711, is not applicable.

A reading of the opinion of the Oklahoma Court of Criminal Appeals in Hudson v. State, 424 P.2d 97 (1967) removes any question but that under Oklahoma law the conviction used to enhance was not void. Said opinion also correctly states the rule regarding a plea of guilty and waiver of counsel where denial of the right to counsel is claimed.

The petition for writ of habeas corpus and the relief prayed for is denied.