**Melton Waters GIBBS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52605.**

Court of Criminal Appeals of Texas.

Dec. 8, 1976.

Rehearing Denied Jan. 5, 1977.

Glenn E. Eakman, Hurst, for appellant.

Tim C. Curry, Dist. Atty. and Candyce W. Howell, Asst. Dist. Atty., Fort Worth, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

Appellant was found guilty of rape by a jury and the jury assessed his punishment, enhanced by a prior rape conviction, at 20 years.

The indictment charged appellant with the rape and in paragraph two charged a prior conviction of grand larceny in the State of Alabama, in paragraph three with a prior conviction of the offense of rape in the State of Wisconsin, and in paragraph four of a prior conviction of rape in the State of Idaho. At the punishment phase the prosecution waived and abandoned paragraph two charging the grand larceny conviction and paragraph three charging the rape conviction in Wisconsin. Paragraph four which charged the rape conviction in Idaho was the basis of the enhancement.

Appellant's three grounds of error attack the action of the trial court in receiving in evidence the Idaho rape conviction because the evidence did not connect the defendant with such offense, the evidence of such prior conviction was not properly authenticated, and the error of the court in charging on such prior conviction because of the insufficiency of the evidence to support such finding.

■ Appellant first complains that the fingerprints contained in the pen packet from Idaho were not proven to be those of appellant. The record clearly shows that the Tarrant County fingerprint expert compared appellant's known prints with those in the pen packet and testified that the prints were identical. Appellant also complains that the records from the Idaho penitentiary do not establish that appellant was the person previously convicted. This is based on the fact that although appellant's name, Melton Waters Gibbs, appeared throughout the instruments contained in the packet, that on the copy of the sentence the name typed in the blank space on the form was Melton Walters Gibbs. Clearly, this was a typographical error and, as such, does not present reversible error. *Hill v. State*, 149 Tex.Cr.R. 324, 194 S.W.2d 266.

■ Appellant next complains that the Idaho pen packet was not properly authenticated. The pen packet is certified by the record custodian of the Idaho State Penitentiary and the official capacity of this official is certified to by the Secretary of State of the State of Idaho under the seal of the State of Idaho. This certification meets the requirements of Art. 3731a, V.A.C.S.

■ Finally, appellant complains that the Idaho conviction is a felony conviction based upon an information rather than upon an indictment and is, therefore void. This matter is raised for the first time on appeal in a supplemental brief. Since this matter was not raised in the trial court, the State offered no proof of the Idaho law in this regard. In support of his contention, appellant cites *Holcomb v. State*, Tex.Cr. App., 424 S.W.2d 635. This case, however, was decided in 1968 prior to the amendment of the Texas Code of Criminal Procedure in 1971. Article 1.141, Vernon's Ann.C.C.P., enacted in 1971 reads as follows: "A person represented by legal counsel may in open court or by written instrument voluntarily waive the right to be accused by indictment of an offense other than a capital felony. On waiver as provided in this article, the accused shall be charged by information." The Idaho judgment reflects that appellant appeared in open court with counsel, J. Blaine Anderson, and entered his plea of

guilty to the information charging the offense of rape. The judgment further recites: "The defendant was then asked if he had any legal cause to show why judgment should not be pronounced against him to which he replied that he had none." Under our Article 1.141, Vernon's Ann.C.C.P., this clearly demonstrates a waiver in open court. *King v. State*, Tex.Cr.App., 473 S.W.2d 43.

The judgment is affirmed.

Opinion approved by the Court.