Arnulfo ACOSTA, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 919–82.

Court of Criminal Appeals of Texas,
En Banc.

June 1, 1983.

Brendan Hall, Harlingen, for appellant.

Edna Cisneros, Dist. Atty. and William R. Wepfer, Asst. Dist. Atty., Raymondville, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

TOM G. DAVIS, Judge.

Appeal is taken from a felony conviction for escape from custody. The indictment alleged appellant was under arrest for and charged with the offense of murder. See V.T.C.A. Penal Code, Sec. 38.07(c). Punishment, enhanced by two prior felonies, was assessed at life. The conviction was reversed by the Court of Appeals for the Thirteenth Supreme Judicial District. We granted the State's petition for discretionary review in order to examine the Court of Appeals' action in upholding the appellant's contention that the two prior felony convictions from California alleged in the indictment were not subject to being used absent proof of waiver of indictments. The judgments in the two causes reflected that the trials were upon informations.

The Court of Appeals in its opinion cited our holding in *Lackey v. State,* 574 S.W.2d 97 (Tex.Cr.App.1978) for the proposition that the record must reflect a waiver of indictment in order for a felony conviction to withstand an appellate challenge. In *Lackey,* unlike the instant case, the conviction under attack was on direct appeal from the primary offense.

■ The law in other states is presumed to be the same as the law of Texas when not proved to be different.

■ Tex. Const., Art. 1, Sec. 10 provides "and no person shall be held to answer for a criminal offense, unless on an indictment of a grand jury, except in cases in which punishment is by fine or imprisonment, otherwise than in the penitentiary." Art. 1.141, V.A.C.C.P. (Acts 1971, 62nd Leg., Chapt. 260—S.B. 116, effective May 19, 1971) provides that trial shall be by information where a person represented by legal counsel, "in open court or by written instrument," voluntarily waives the right to be accused by indictment of any offense other than a capital felony." In *King v. State,* 473 S.W.2d 43 (Tex.Cr.App.1971) this Court held that Art. 1.141, supra, was not violative of Art. 1, Sec. 10 of the Texas Constitution. In *King* it was further held that waiver of the right to trial upon an indictment is not violative of any federal constitutional requirements.

Art. 42.01, V.A.C.C.P. (as amended by Acts 1981, 67th Leg.) sets forth what should be shown in a judgment. Among the things to be reflected are the names of the attorneys for the State and the defendant, and if defendant is not represented by any counsel, "that the defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel." Also, waiver of jury is to be reflected in the judgment. While it may be a desirable practice, there is no suggestion in Art. 42.01, supra, that the judgment reflect waiver of indictment if trial is upon information.

If we presume that the law of California is the same as the law of Texas a defendant could waive the right to trial by indictment either in writing or in open court and it would not be necessary that the judgment reflect such waiver.

Any attack on the prior California convictions is obviously a collateral attack. In *Hankins v. State,* 646 S.W.2d 191 (Tex.Cr. App.1983) appellant attacked the admission of two prior out-of-state convictions on the basis that he was fifteen at the time of the commission of the offenses. Hankins urged that since there was no evidence before the

court regarding Virginia law, it is presumed to be the same as that of Texas, and in accordance with Texas law the record must contain a certification from Juvenile Court to Adult Felony Court. This Court found such argument to be without merit concluding "In this collateral attack, as with a habeas corpus proceeding, it is his [Hankins'] burden to demonstrate that the convictions are void by showing that the procedure was improper in Virginia." In *Ex parte Rains,* 555 S.W.2d 478 (Tex.Cr.App. 1977), a post-conviction habeas corpus proceeding, the rule set forth therein (and cited with approval in *Hankins*) states:

"The burden of proof in a habeas corpus proceeding is upon the petitioner here by a preponderance of the evidence to show that he was indigent, had no counsel and did not affirmatively waive the right to counsel."

In the instant case, the burden was on appellant to demonstrate that the two prior California convictions were void. There being no evidence to support appellant's contention, no error is shown.

The judgment of the Court of Appeals is reversed and the cause is remanded to the Court for consideration of appellant's other grounds of error.

ONION, Presiding Judge, concurring.

We are here presented with a burden of proof question relating to the allegations of two prior non-capital felony convictions from California.

The escape conviction with punishment enhanced by the two prior convictions were reversed by the Corpus Christi Court of Appeals holding that the prior California convictions were not properly utilized to enhance punishment since the felony convictions were based on informations, not indictments, and the State failed to show a waiver of indictment in these California cases, the law being presumed to be the same in California as Texas in absence of a showing to the contrary. There was no showing as to the California law regarding prosecution of felonies upon informations.

This court granted the State's petition for discretionary review to examine this holding by the Court of Appeals.

The question presented begs for clarification for the benefit of the bench and bar. In reversing the Court of Appeals, the majority does not, in my view, adequately explore or come to grips with the question. For this reason I write.

V.T.C.A., Penal Code, § 12.42(d), provides:

"(d) If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life."

Said § 12.42(d) and its forerunners have been held valid against constitutional attack. *Moore v. State,* 629 S.W.2d 266 (Tex. App.1982); *Passmore v. State,* 544 S.W.2d 399 (Tex.Cr.App.1976), and cases there cited; *Spencer v. Texas,* 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967). See *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980); 25 Tex.Jur.3rd, Crim. Law, § 3710, p. 724.

It is true, of course, that in proceedings under § 12.42(d) and its forerunners most prior convictions are or were prior Texas felony convictions. It has long been held, however, that a conviction in a court of a sister state may be used to enhance punishment in felony cases if the crime constituted a felony in Texas. *Garcia v. State,* 140 Tex.Cr.R. 340, 145 S.W.2d 180 (Tex.Cr.App. 1940); *Massey v. State,* 160 Tex.Cr.R. 49, 266 S.W.2d 880 (Tex.Cr.App.1954); *Ex parte Auten,* 447 S.W.2d 159 (Tex.Cr.App. 1969); 25 Tex.Jur.3rd, Crim.Law, § 3713, pp. 736–737.

It is also well established that if there are allegations in the indictment to invoke the

provisions of said § 12.42(d) for the purpose of enhancing punishment then the burden of proof is upon the State beyond a reasonable doubt. *Bullard v. Estelle,* 665 F.2d 1347 (5th Cir.1982); *Jackson v. State,* 571 S.W.2d 1 (Tex.Cr.App.1978). See and cf. *Green v. State,* 387 S.W.2d 410 (Tex.Cr.App. 1965); Texas Criminal Pattern Jury Charges, C.P.J.C. 12.42(d), p. 85; McClung, Jury Charges for Texas Criminal Practice (1981), p. 20; 1 Branch's Ann.P.C., 2d ed., p. 689; Erisman Manual of Reversible Errors, § 618 (1st Ed.). See also 25 Tex.Jur.3rd, Crim.Law, § 3716, p. 749.

Article I, § 10 of the Texas Constitution relates to the rights of an accused in criminal prosecutions. It provides in part:

"Sec. 10. In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury. He shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof . . .; and no person shall be held to answer for a criminal offense, unless on an indictment of a grand jury, except in cases in which the punishment is by fine or imprisonment, otherwise than in the penitentiary, in cases of impeachment, and in cases arising in the army or navy, or in the militia, when in actual service in time of war or public danger."

Accordingly it has been held that in a Texas felony case the State Constitution requires an indictment presented by a grand jury and such is essential to a valid trial. *Hollingsworth v. State,* 87 Tex.Cr.R. 399, 221 S.W. 978 (Tex.Cr.App.1920). See also *Ex parte Krarup,* 422 S.W.2d 173 (Tex. Cr.App.1967); *Kennedy v. State,* 161 Tex. Cr.R. 303, 276 S.W.2d 291 (Tex.Cr.App. 1954); *Turpin v. State,* 86 Tex.Cr.R. 96, 215 S.W. 455 (Tex.Cr.App.1919); *Turman v. State,* 81 Tex.Cr.R. 320, 196 S.W. 181 (Tex. Cr.App.1917); *Ethridge v. State,* 75 Tex. Cr.R. 41, 172 S.W. 784 (Tex.Cr.App.1915);

*Ex parte Nitsche,* 75 Tex.Cr.R. 131, 170 S.W. 1101 (Tex.Cr.App.1914); *Kinley v. State,* 29 Tex.App. 532, 16 S.W. 339 (1891); *Graham v. State,* 43 Tex. 550 (1875). See generally 30 Tex.Jur.2d, Indict & Info., § 7, at 542.

In *Melacon v. State,* 367 S.W.2d 690 (Tex. Cr.App.1963), the State sought to enhance punishment under former Article 63, V.A.C. C.P., 1925, a forerunner of said § 12.42(d) by allegation of a prior Texas felony conviction and a prior Louisiana felony conviction. With regard to the Louisiana conviction, this court wrote:

"The evidence is insufficient because of the variance between the allegation of the indictment that the conviction was upon an indictment and evidence showing it was upon information. It is also insufficient because of the presumption that the Laws of Louisiana are the same as the Laws of this state. *Green v. State,* 165 Tex.Cr.R. 46, 303 S.W.2d 392; *Ex parte Cooper,* 163 Tex.Cr.R. 642, 295 S.W.2d 906. A conviction for a felony cannot be had in Texas without an indictment. See Art. I, Sec. 10, Constitution of Texas, Vernon's Ann.St."

In *Melancon* the State made no effort to prove that Louisiana laws permitted prosecution of felonies on informations. If it had done so then the presumption would never have arisen. *Melancon* made clear that in determining the sufficiency of evidence relating to a prior felony conviction in a sister state alleged for enhancement of punishment, it is to be presumed that the laws of the sister state are the same as the laws of Texas in absence of a showing to the contrary. See also *Holcombe v. State,* 424 S.W.2d 635 (Tex.Cr.App.1968).[1]

In *Masters v. State,* 437 S.W.2d 868 (Tex. Cr.App.1969), it was held the trial court did not err in refusing to quash the enhancement portion of the indictment where the motion to quash came after made proof of

---

1. In *Holcombe* the defendant's mere admission that he had been convicted in a sister state as alleged did not constitute proof that laws of the sister state authorized prosecution for felony on information.

Oklahoma statutes authorizing prosecution of felonies in that state upon information. Thus the State overcame the presumption that would have otherwise prevailed.

Article 1.141, V.A.C.C.P., was enacted in 1971 (Acts 1971, 62nd Leg., p. 1148, ch. 260, eff. May 19, 1971). It provides:

"A person represented by legal counsel may in open court or by written instrument voluntarily waive the right to be accused by indictment of any offense other than a capital felony. On waiver as provided in this article, the accused shall be charged by information."

*King v. State,* 473 S.W.2d 43 (Tex.Cr.App. 1971), involved a direct appeal where a waiver of indictment was executed under Article 1.141, supra. *King* held that the state constitutional requirement of an indictment in a felony case was not jurisdictional but was a privilege or right of an accused, which guarantee could be waived in accordance with the statute in a non-capital felony case. Thus the statute permitting waiver of indictment was not violative of the constitutional provision and where there has been a valid waiver the trial court may proceed on an information in a non-capital felony case.

*King* made clear, however, for the waiver of indictment to be effective it must be intelligently, voluntarily and knowingly given by the accused while represented by counsel, and if an accused has not effectively waived his right to indictment in full accordance with the statute, the felony information is void, and as the validity of the felony information is essential to the court's jurisdiction as a substitute for an indictment, an indictment is still mandatory in absence of a valid waiver.

In *King* the waiver of indictment in the appellate record was in accord with the statute and upheld.

In *Lackey v. State,* 574 S.W.2d 97 (Tex. Cr.App.1978), it was held that the absence in the appellate record of a valid waiver of an indictment as required by Article 1.141, supra, mandated reversal of the felony conviction on direct appeal. Further, the court stated: "We hold that appellant did not waive the right to be tried by an indictment by failing to voice an objection to trial upon a felony information."

Thus on direct appeal of a non-capital felony conviction the appellate record must affirmatively reflect a valid waiver of an indictment and a felony information. Without the same an indictment is still a necessity. An indictment is not waived by failure of the accused to object to the absence of the same.

*Gibbs v. State,* 544 S.W.2d 403 (Tex.Cr. App.1976), was a direct appeal of a rape conviction where the indictment also alleged a prior rape conviction in Idaho for enhancement of punishment.

While he did not object at trial, Gibbs on appeal contended the Idaho rape conviction was unusable for enhancement as it was based upon an information rather than an indictment. At trial the State made no effort to show what the laws of Idaho were. The court, without expressly mentioning the presumption that laws of Idaho are the same as Texas in absence of proof to the contrary, noted the 1971 enactment of Article 1.141, V.A.C.C.P., permitting non-capital felony trials in Texas and utilized in effect the presumption. Without mentioning burden of proof, the court then proceeded to find waiver in the recitations of the Idaho judgment to satisfy Article 1.141, supra, and *King.*[2]

In *Hall v. State,* 619 S.W.2d 156 (Tex.Cr. App.1980), on original submission a panel

2. There may be a serious question as to the correctness of the holding as to *Gibbs.* A current examination of the appellate record in *Gibbs* reflects the prior Idaho conviction was for rape in 1950 when rape was a capital felony offense in Texas. Article 1183 and 1189, V.A. P.C., 1925. Further, the Idaho conviction oc-

curred prior to the 1971 enactment of Article 1.141, supra, permitting prosecution only of non-capital felonies upon information.

Still further, one may question the validity of the waiver found. The Idaho judgment reflected Gibbs appeared in open court with counsel and pleaded guilty to the felony rape

opinion reversed the voluntary manslaughter conviction because the indictment alleged for enhancement of punishment a prior Minnesota felony conviction based "upon an indictment" while the proof showed the out-of-state conviction was based upon an information. In holding the variance rendered the proof insufficient, the panel opinion cited *Boone v. State,* 450 S.W.2d 614 (Tex.Cr.App.1970), and *Melancon v. State,* supra.

The majority of the court en banc on the State's motion for rehearing overruled *Melancon* and *Boone* to the extent of any conflict and held that allegation of "indictment" and proof of "information" is not a material or fatal variance which would mislead a defendant to his prejudice.

In the opinion on rehearing the *Hall* court went further and wrote:

"The appellant also complains that there is insufficient evidence to show that the law in Minnesota authorized prosecution of felonies by information. In the absence of proof it is presumed that the law of another state is the same as this state. *Ex parte Nichols,* 604 S.W.2d 81 (Tex.Cr.App.1979); *Almand v. State,* 536 S.W.2d 377 (Tex.Cr.App.1976); *McKinney v. State,* 505 S.W.2d 536 (Tex.Cr.App. 1974); *Jackson v. State,* 494 S.W.2d 550 (Tex.Cr.App.1973). Since a felony may now be prosecuted by information in this state, Art. 1.141, V.A.C.C.P., it is presumed that in Minnesota a felony may be prosecuted by information. *Gibbs v. State,* 544 S.W.2d 403 (Tex.Cr.App.1976). This ground of error is overruled."

It does not appear that the question of waiver of indictment was raised in *Hall.*

Turning to the facts of this case, it is observed that the indictment alleged two prior California felony convictions for the purpose of enhancement of punishment. One enhancement paragraph alleged conviction for the possession of a controlled substance, heroin, on September 27, 1976, upon an information pending in the Superior Court of Fresno County, and the second enhancement paragraph alleged the conviction for burglary, first degree on May 22, 1972, upon an information pending in the Superior Court of Fresno County.

In support of these allegations the State offered its exhibits 8, 9, 10 and 11 which were California pen packets and exemplified court documents relating to the alleged prior convictions. These exhibits and other evidence offered clearly supported the enhancement allegations. The State, however, offered no proof of California laws, and there was no attempt to show waiver of indictments in the prior convictions.

Only to exhibit No. 10, an "abstract of judgment" and other certified and exemplified court documents did appellant offer an objection as follows:

"I object to 10 on the grounds that the prosecution in the case is predicated ... is a prosecution for a felony predicated on an information and there is no waiver of indictment in the file and the court is well aware that the law of California is presumed to be the same as the law in Texas and no one may prosecute on an information without a waiver.

"Three other unrelated objections to exhibit no. 10 were offered and then all objections were overruled and the exhibit was admitted."

There is no requirement in Texas that the requisites of a judgment must include a recitation of a waiver of indictment, Article 42.01, V.A.C.C.P., albeit better practice even though not statutorily required. Presuming that California law is the same as Texas law in absence of proof to the contrary, there was no requirement that the "abstract of judgment" and other documents in exhibit 10 in and of themselves

---

information. The judgment also reflected when asked if he had any legal cause to show why judgment should not be pronounced against him Gibbs answered "None." Upon

further reflection it hardly seems that this would constitute a waiver in full accord with Article 1.141, supra, and *King* as *Gibbs* holds.

include a recitation of a waiver of indictment. The objection directed only to exhibit No. 10 was without merit and was properly overruled.[3]

Contrary to the Court of Appeals' opinion, the objection to exhibit No. 10 was the only objection offered at trial relating to the complaint now urged on appeal. Appellant did recite in his motion for new trial his appellate complaint, but the motion appears to have been overruled without a hearing.

On appeal appellant contends that there "was insufficient evidence introduced by the State of Texas at the hearing on punishment to authorize enhancement of appellant's punishment."

In his response to the State's petition for discretionary review, appellant states in part:

"What appellant has done since the time of trial, and continues to do, is object to the admissibility of the 'pen packets' offered by the State of Texas at trial; and further state that there was insufficient evidence introduced by the State of Texas at the hearing on punishment to authorize enhancement of appellant's punishment * * * Appellant herein has not attacked any variance between the enhancement allegations in the indictment and the proof shown by the State. His objection and points on appeal, again, are that the State failed to meet its burden. * * * the appellant has never requested that this court or any other court 'invalidate' any alleged California convictions. * * * Appellant is not attacking the validity of the alleged convictions themselves but is attacking the State's efforts in attempting to prove the allegations contained * * * in the indictment. * * * The State could have met that burden by doing one of two things; first the State could have shown that appellant waived his right to indictment if that

were the case, second the State could have shown that the laws of the State of California do not require indictments, but permit prosecution to be had upon information."

The State did not offer proof of the laws of California, so we must deal with the presumption that the laws of California are the same as the laws of Texas in absence of proof to the contrary. Here the proof supported the facial allegations of the indictment as to the prior convictions.

Further, we observe that the allegations of prior convictions were for non-capital felonies and occurred after the effective date of Article 1.141, supra. While Texas law requires an affirmative waiver of an indictment in a non-capital felony case, there is no requirement that the waiver of necessity be reflected in a formal judgment or sentence. There is also a presumption of the regularity of the judgment.

In *Moore v. State,* 629 S.W.2d 266 (Tex. App.1982), it was held that where the State made a prima facie showing that the judgment of conviction used to enhance punishment and the resulting sentence were regular on their face and there was no affirmative showing of any defect by the defendant, the presumption of regularity in the prior judgment prevailed.

Before a prior conviction may be relied upon for enhancement of punishment, it must have become final prior to the commission of the primary offense alleged in the indictment. *Arbuckle v. State,* 132 Tex. Cr.R. 371, 105 S.W.2d 219 (Tex.Cr.App. 1937); *Carter v. State,* 510 S.W.2d 323 (Tex. Cr.App.1974). Once, however, the State makes prima facie proof of finality then the burden shifts to the defendant. *Lewis v. State,* 501 S.W.2d 88 (Tex.Cr.App.1973); *Carter v. State,* supra; *Ashley v. State,* 527 S.W.2d 302 (Tex.Cr.App.1975); *Tinney v. State,* 578 S.W.2d 137 (Tex.Cr.App.1979); *Williams v. State,* 596 S.W.2d 862 (Tex.Cr.

3.  Even if the State was required to prove waiver of an indictment, it would not be limited to

proof by judgment or any one exhibit.

App.1980). See also *Hamlin v. State,* 632 S.W.2d 203, 206 (Tex.App.—Ft. Worth 1982).

In 25 Tex.Jur.3rd, Crim.Law, § 3716, p. 752, it is written:

"Once the state has made a prima facie case, the burden then shifts to the defendant. It has been held that the defendant has, generally, a burden to sustain his assertion that he had received a pardon, that the judgment had been set aside, that a new trial had been granted in the prior case, or that an appeal had been taken therein, or that the judgment of conviction relied on for enhancement purposes is void. These burdens do not, ordinarily, fall on the state. . . ."

In the instant case the judgments, sentences and pen packets were properly certified and appellant was identified with them by expert fingerprint testimony. The proof was in conformity with the enhancement allegations in the indictment that the prior convictions were upon informations. Once the State made a prima facie case the burden shifted to the appellant to show that the prior convictions were void because of lack of a waiver of the indictment in each case.

The appellant did not offer evidence of a lack of indictment waivers and did not in the trial court attack the insufficiency of the evidence to support the enhancement allegations. His only objection was to one exhibit because it did not include indictment waivers. This objection was without merit as previously mentioned. He makes no claim the California convictions were void, only that the State did not meet its burden of proof.

While it would have removed all question from the case if the State had made proof that California law did not require an indictment in a felony case, or utilizing the presumption that California law was the same as Texas showed that there were waivers of indictment, I cannot conclude that reversible error is reflected by the circumstances. Once the State made out a prima facie case the burden shifted to the appellant, which burden he did not sustain.

For the reasons stated, I concur.

CAMPBELL, J., joins this opinion.

CLINTON, Judge, concurring.

For the felony offense of escape punishment was assessed at confinement for life, there being allegations of two prior felonies committed in the State of California. The judgment was reversed by the Corpus Christi Court of Appeals because it found that the two California convictions had been prosecuted on information, the State did not show what the law of California is in this respect and there is no proof that appellant validly waived indictment in order to be prosecuted on information.[1] The State Prosecuting Attorney challenges the conclusion of the court of appeals that the two prior convictions could not be used for enhancement, and we granted his petition for discretionary review to determine whether that conclusion is correct.[2]

The indictment alleged convictions were in Cause No. 204904 and Cause No. 26371,

---

1. The Corpus Christi Court of Appeals analyzed the situation thusly:

   "Since the law in other states is presumed to be the same as the law of Texas when not proved to be different, *Hall v. State,* 619 S.W.2d 156, 158 (Tex.Cr.App.1980), the prohibition against use of prior convictions not obtained by indictment or valid waiver is applicable to foreign convictions unless the state proves their validity. No evidence of the California law was introduced in the trial of this case. Therefore, the California convictions could not be used absent proof of a valid waiver. Unlike the record in *Gibbs v.*

   *State,* 544 S.W.2d 413 [403] (Tex.Cr.App. 1977 [1976] ), the record before us contains nothing from which we may infer a valid waiver."

2. The State Prosecuting Attorney presents the following question for review:

   "May a defendant collaterally attack prior final California felony convictions, alleged for enhancement of punishment under V.T.C.A., Penal Code § 12.42, by the simple expedient of merely objecting to their admission into evidence on the ground that the California convictions were prosecuted by information, rather than indictment, and that the records

respectively, in the Superior Court of the State of California, Fresno County, "upon an *information* then *legally pending* in said last named court and of which said court had *jurisdiction*"[3] et cetera. To support those allegations the State offered three exhibits, numbers 8, 9 and 10, which are loosely called "pen packets."[4] However, Exhibit 10, from which the issues in this cause mainly arise, is a compilation of records from the clerk of the Superior Court of Fresno County, *viz:*

> In Cause 26371, an abstract of judgment and sentence and underlying felony information presented by the district attorney.
>
> In Cause 204904, a combination judgment of commitment to state prison and minute order, and underlying felony information presented by the district attorney.

The papers in Exhibit 10 are duly and properly certified, attested and verified, and for good measure there is a separate but related verification, admitted as Exhibit 11.

When the State offered Exhibit 10, appellant objected *inter alia:*

> "I object to 10 on the grounds that the prosecution is predicated—is a prosecution for a felony predicated on an information and *there is no waiver of indictment in the file* and the Court is well aware that the law in California is presumed to be the same as the law in Texas and no one may prosecute on an information without a waiver."

All objections were overruled and Exhibit 10 was admitted.

In his motion for new trial appellant separately contended the trial court erred in admitting the information in causes 26371 and 204904, respectively, "because there was *no waiver of an indictment* demonstrated in the cause." Apparently without hearing the motion was denied some six days later.

On direct appeal the first (and only) ground of error implicating Exhibit 10 is:

> "There was *insufficient evidence* introduced by the State of Texas at the hearing on punishment to sustain enhancement of appellant's punishment."

Pointing out that nowhere in the record is there any proof that California law permits prosecution of felony cases upon indictment rather than information or that appellant waived indictment, he argues that the evidence is insufficient to authorize enhancement of his punishment to life under V.T. C.A. Penal Code, § 12.42(d). The State through its district attorney replies that all it had to prove was that appellant "has previously been *finally convicted* of two felony offenses"[5] and, construing the argument of appellant as essentially a variance contention, relies on cases rejecting such; finally, the State asserts that once it made a prima facie case that enhancement allegations are true, appellant had the burden of proving "the convictions are void" in that prosecution in California could not be predi-

---

of those convictions do not affirmatively reflect that appellant waived indictment pursuant to Art. 1.141, supra, or in the absence of proof that California permits felony prosecution by information in the absence of a waiver of indictment?"

We must observe that the State Prosecuting Attorney candidly admits his petition was drafted and filed without access to the appellate record. Since granting his petition, the Court has not been favored with a brief from the State.

**3.** All emphasis is supplied by the writer of this opinion unless otherwise indicated.

**4.** Exhibit 8 is not a pen packet in the usual sense for it is a collection seemingly of all

internal data obtained and maintained by the California Department of Corrections regarding appellant; Exhibit 9 is a hodgepodge of papers, including a completed abstract of judgment and a sentence in Cause No. 26371 and a completed combined judgment of commitment to state prison and minute order in Cause No. 204904, as well as such internal records as a cumulative case summary and a summary of sentencing data. (Needless to say, had the proof of convictions for enhancement failed, for the contents of Exhibits 8 and 9 to be examined and understood by a jury would be extremely harmful and prejudicial to appellant.)

**5.** Emphasis added by the State.

cated on an information "as is now the law in Texas." The district attorney did not address the issue of waiver of indictment. As already pointed out, however, being unable to find in the record anything "from which we may infer a valid waiver," the court of appeals held the California convictions could not be used for enhancement. See note 1, *ante.*

In response to the petition filed by the State Prosecuting Attorney, see note 2, *ante,* appellant insists that what he was and still is doing is to "object to the admissibility of the 'pen packets,'" contending that the State has failed to meet its burden of proving up prior convictions it alleged. He disclaims any collateral attack on validity of the alleged convictions. The core of his position is: "There being no evidence introduced by the State at the trial of this cause that the Defendant ever waived his right to indictment, the 'pen packets' were *inadmissible.*"

That core proposition, as stated, is untenable. Being properly certified and linked to appellant, the exhibits were *admissible* as official records. Article 3731a, §§ 2 and 4; *Stearn v. State,* 571 S.W.2d 177, 178 (Tex. Cr.App.1978); *Ashley v. State,* 527 S.W.2d 302, 304 (Tex.Cr.App.1975). Exhibit 10 was also relevant to the enhancement allegations, and appellant concedes he has not raised "any variance between the enhancement allegations in the indictment and the proof shown by the State." Even without a waiver of indictment "in the file," the exhibit was admissible and the trial court did not err in receiving it in evidence. If need be, the State was not limited by content of "the file" to show waiver of indictment—waiver may be shown *de hors* Exhibit 10.

However, as the Corpus Christi Court of Appeals correctly found, the State did not affirmatively prove waiver of indictment in either California conviction, nor could it be inferred from the record. Accordingly, as

we understand the opinion of the court below, the court sustained the first ground of error which, to be recalled, complained that evidence introduced by the State was insufficient to support its enhancement allegations.

Though the court did not cite it, the opinion in *Holcombe v. State,* 424 S.W.2d 635, 637 (Tex.Cr.App.1968) squarely supports appellant and the conclusion of the court of appeals. Thus it has not been found in this cause that appellant mounted a "collateral attack" against the California convictions, nor held that they are void. The premise of the question presented by review by the State Prosecuting Attorney without access to the appellate record, see note 2, is, therefore, false, and the petition seems to have been granted improvidently on that account.

On the other hand, the issue is important and the problem is a recurring one. See *Hall v. State,* 619 S.W.2d 156 (Tex.Cr.App. 1980). What causes much difficulty is the socalled "presumption," in the absence of proof to the contrary, that the law of another state on a given point is the same as this state. *Hall v. State,* supra, at 158. See Ray, Texas Law of Evidence (3rd Ed.1980) § 99, 1 Texas Practice 150. The presumption often serves to ameliorate the plight of a party who neglects to plead and prove a foreign law or fails in an attempt to do so: "if the law of the other state is not invoked and proven the court applies the local law," Ray, *op cit.,* § 173, 1 Texas Practice 213–214. But in some situations it has been the undoing of the case when the prosecution failed to prove the pertinent law in a sister state.[6]

Texas courts allowed the problem by adhering to the Texas common law when there is no procedural provision for taking judicial notice of laws of other states; that is, a trial judge may not of his own motion

---

6. The rule seems to have been particularly troublesome in extradition cases; e.g., *Ex parte Cooper,* 163 Tex.Cr.R. 642, 295 S.W.2d 906 (1956); *Ex parte Gardner,* 159 Tex.Cr.R. 365, 264 S.W.2d 125 (1954); *Ex parte Beeth,* 142 Tex.Cr.R. 511, 154 S.W.2d 484 (1941). But see now, Uniform Extradition Act, Article 51.13, § 3, V.A.C.C.P., and e.g., *Ex parte Clubb,* 447 S.W.2d 185, 187 (Tex.Cr.App.1969) and *Ex parte Harry,* 482 S.W.2d 197, 199 (Tex.Cr.App. 1972).

take judicial notice of the laws of other states. Ray, *op cit.,* § 173, 1 Texas Practice 211. The common law rule was adopted by English courts as a matter of convenience—sources of foreign law were scarce and the language was different. However, as Professor Ray points out:

> "The reasons which led to the common law rule are not applicable today to our states. It seems clear that notice of the laws of sister states could be justified on the same basis as notice of local laws, namely, ascertainability with reasonable certainty. The source materials (statutes and reports) for ascertaining the laws of sister states are almost as accessible as those for local laws and counsel are available to find and present the materials to the judge in the same manner as where a point of local law is in question."

Ray, *op cit.,* § 173, 1 Texas Practice 214. We agree the point has merit, but here the State made absolutely no effort to present to the trial court applicable law of California. Thus, the presumption that California law is the same as Texas works against the State.

However, as excerpted *ante,* each enhancement paragraph in the indictment did allege respectively that the conviction was had upon an information "then *legally pending*" in a court of proper jurisdiction, thereby implicitly invoking California law. While factual matters may ultimately be implicated, whether an information is "legally pending" is essentially a question of law. Whatever the limitations on a trial court, when a question of sufficiency of evidence depends on a matter of law we reject the notion that an appellate court must look just to the record made in the trial court for "evidence" of constitutional or statutory provisions in the law of a sister state. From readily available and easily accessible sources appellate judges are competent to ascertain with reasonable certainty whether the law of another state requires that an accused first waive prosecution by indictment in order for the prosecutor and trial court to proceed on an information.

By simply reading the opinion of the Supreme Court of the United States in *Hurtado v. California,* 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232 (1884) we learn that in the Constitution of the State of California 1879, Article 1, § 8 provided:

> "Offenses heretofore required to be prosecuted by indictment, *shall* be prosecuted by information, after examination and commitment by a magistrate, or by indictment, with or without such examination and commitment, as may be prescribed by law."

Turning to the present constitution of that state we see that the first sentence of the same numbered article and section still so provides, and we have ascertained with reasonable certainty from the penal code and code of criminal procedure of that jurisdiction, that once an examining magistrate has found and certified sufficient cause to believe that an accused is guilty of "a public offense," Penal Code, § 872, "it shall be the *duty* of the district attorney of the county in which the offense is triable *to file* in the superior court of that county within 15 days after commitment, *an information* against the defendant ...," Criminal Procedure, § 739; see also §§ 738 and 740. In short, we are able to find and have determined that waiver of indictment is not required by California for a felony prosecution on an information to be "legally pending" in a court with jurisdiction.

Therefore, the socalled presumption is not applicable here, and failure of the State to prove a waiver of indictment by appellant regarding the California convictions does not render the findings of the jury that "the allegations with respect to said prior convictions, as alleged in the indictment are 'true,'" insupportable by the evidence.

The judgment of the Corpus Christi Court of Appeals should be reversed and remanded for this reason.

McCORMICK, J., joins.

MILLER, Judge, dissenting.

As stated by the Court of Appeals, the law in other states is presumed as the law

of Texas when not proved to be different, *Hall v. State,* 619 S.W.2d 156, 158 (Tex.Cr. App.1980). Although this rule does obviate the necessity of looking to California constitutional, statutory and case law, ultimately the issue before us is resolved by an analysis of cases decided by the United States Supreme Court.

The State in its petition for discretionary review asserts that the burden should be placed on appellant to show that he did not waive indictment and that he should not be allowed to defeat the State's attempts to introduce prior California convictions by the simple expedient of objecting on the basis that no waiver of indictment or judgmental recitation thereof appears in the "pen packet" containing the California conviction records. At first blush our previous holdings would appear to agree with the State's position. In cases involving a collateral attack upon a prior conviction, whether that attack be made against a conviction being used to enhance punishment in an on-going trial or against a conviction via a habeas corpus proceeding, we have uniformly held that the burden of proof is upon the defendant to show by a preponderance of the evidence that the conviction was obtained in violation of the rights guaranteed him by either the United States Constitution or the Texas Constitution. See generally *Chancy v. State,* 614 S.W.2d 446 (Tex.Cr.App.1981); *Tinney v. State,* 578 S.W.2d 137 (Tex.Cr. App.1979); *Ex parte Rains,* 555 S.W.2d 478 (Tex.Cr.App.1977); *Hankins v. State,* 646 S.W.2d 191 (Tex.Cr.App.1983). In harmonizing these cases with the controlling cases from the United States Supreme Court; *Carnley v. Cochran,* 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); cited in *Rains,* supra, and *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), we should find that the defendant in the case at bar has met his burden of proof in collaterally attacking the two California convictions.

As the Court of Appeals correctly pointed out, the right to be tried on an indictment of a grand jury in a felony offense is a fundamental constitutional right guaranteed by both the Texas and United States Constitutions. See Tex. Const. Art. 1, § 10 and the U.S. Const.Amend. 5. It is no less a fundamental right than the right to be represented by counsel as guaranteed by Art. 1, § 10 of the Texas Constitution and the 6th Amendment of the U.S. Constitution. The cases dealing with the denial of right to counsel are therefore analagous for purposes of discussion in this case, which involves the right to be tried for a felony upon indictment returned by a grand jury.

In *Rains,* supra, a right-to-counsel habeas corpus petition, we held that the defendant had the burden of proof to show that he was indigent, he had no counsel, and he did not waive counsel. By analysis in the case at bar, the appellant's burden of proof was to show that he was not convicted upon an indictment and that he did not waive his right to be convicted upon an indictment. Appellant successfully showed that he was not convicted upon indictment by simply objecting and pointing to the record of the California convictions which affirmatively showed that those convictions were had upon affidavit and information, not upon indictment. Concerning his second burden of proof, waiver of indictment, the holding in *Rains,* supra, which relied entirely upon the Supreme Court's holding in *Carnley,* supra, cited with approval in *Burgett,* supra, is controlling. In *Carnley,* the Supreme Court stated "Presuming waiver from a silent record is impermissible. The *record* must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. *Anything less is not waiver.*"[1] 369 U.S. at 516, 82 S.Ct. at 890. Here appellant showed that the records of the California convictions were devoid of any indication that appellant was afforded the right to be indicted by a grand jury or that he waive that right. Since "[a]nything less is not waiver," *Carnley,* supra, the appellant affirmatively discharged his burden of showing that he had not waived his right to be indicted.

---

1. Emphasis supplied.

Compare *Chancy,* supra, wherein the defendant testified that he had no attorney at a previous trial but the judgment and sentence from the trial reflected that he in fact did have counsel; and the Court ruled that the presumption of regularity prevailed and decided, therefore, that the defendant had not met his burden of proof.

Compare also *Tinney,* supra, wherein the defendant attacked his two prior convictions being used for enhancement by pointing out that no transfer order appeared in the record; and, therefore, there was no showing that the district court that conducted his trial had proper jurisdiction since the indictments were returned to a different district court by the grand jury. This Court held that by simply pointing out the absence of a transfer order, the defendant failed to meet his burden of proof to show that the prior convictions were void. The purported defect did not rise to the level of a denial of a specifically enumerated constitutional right such as dealt with in *Burgett,* supra, and for this reason the Court's holding was proper.

For these reasons and the reasons set forth in the opinion of the Court of Appeals, the decision of the Court of Appeals should be affirmed.

TEAGUE, J., joins.