**Nicky Lee STAPLETON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–83–0171–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

May 31, 1984.

Bobbi L. Blackwell, Houston, for appellant.

Francisco G. Medina, Jr., Houston, for appellee.

Before BASS, WARREN and COHEN, JJ.

## OPINION

BASS, Justice.

A jury found appellant guilty of burglary, enhanced by a prior felony, and the trial court assessed his punishment at 20 years confinement. He challenges the enhancement of his sentence.

In his first ground of error, appellant argues that the judgment in his prior conviction was void for three reasons: 1) the certified copy of sentence in the penitentiary packet from his prior conviction in Ohio does not show that he waived his right to be represented by counsel; 2) it does not show that he waived his right to trial by jury; and 3) it does not show that he waived his right to be indicted by a grand jury. We have examined the pen packet from Ohio, which contains a copy of the judgment and sentence and a bill of information. We find appellant's argument to be without merit, and we affirm.

At the punishment phase of the trial, the State called a fingerprint expert who testified that appellant's fingerprints matched the fingerprints in the Ohio pen packet from appellant's prior conviction in that state for breaking and entering. Appellant objected to the introduction of the pen packet on the grounds listed above. The trial court overruled the objection and admitted the pen packet, and both sides closed. The trial court then found that the enhancement paragraph was true.

■ Appellant asserts that the State's proof at the punishment stage showed that the judgment in the prior conviction was void. Judgments that are void cannot be used for enhancement of punishment. *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967).

In *Burgett*, the Supreme Court held that a void foreign judgment for a prior convic-

tion, which was intended for enhancement purposes, was improperly admitted into evidence before the jury at the guilt phase of the trial, and further held that an instruction to the jury to disregard the prior conviction could not cure the error. There, the first judgment, which was offered by the State but not admitted into evidence, indicated that the defendant had been tried without the assistance of counsel. The second judgment, reflecting the same conviction, was admitted into evidence, and it was silent as to the assistance of counsel. Neither judgment reflected a waiver of the right to counsel. The court held that it was impermissible to presume a waiver of the right to counsel from the silent record.

■■■ Where the record indicates that a defendant was not represented by counsel, we may not presume that he waived the right to counsel; the record must affirmatively show his waiver. *Samudio v. State,* 648 S.W.2d 312 (Tex.Crim.App.1983), *cert. denied,* — U.S. ——, 103 S.Ct. 3113, 77 L.Ed.2d 1368 (1983); *Lopez v. State,* No. 509–83 (Tex.Crim.App. March 28, 1984, not yet reported). In the case at bar, the record does not indicate that appellant lacked counsel at his trial in Ohio. Appellant did not testify that he lacked counsel, and, unlike *Burgett,* the judgment does not reflect that he lacked counsel. Yet appellant asks us to presume from the silent record that he had no counsel. We decline to so presume. Where a defendant collaterally attacks a foreign judgment on appeal, he has the burden of proving that the foreign judgment was void. *Acosta v. State,* 650 S.W.2d 827 (Tex.Crim.App.1983). Appellant has not demonstrated that he was denied the right to counsel.

Appellant also asks us to assume that he was not afforded a jury trial. The record shows that appellant pleaded guilty to the Ohio offense and that the trial court sentenced appellant, but there is no indication of whether the case was tried and punishment was assessed by the court or by a jury. Appellant did not testify that he pleaded to the court or that the court assessed his punishment, and the copy of the sentence does not reflect that the court, rather than a jury, found him guilty and assessed his punishment. We decline to presume from the silent record that appellant was tried and his punishment was assessed by the court rather than a jury. Appellant has not demonstrated that he was denied the right to trial by jury.

■■■ Appellant also argues that the judgment is void because it shows that he was convicted in Ohio on a "Bill of Information" rather than an indictment. In the absence of proof to the contrary, the law in other states is presumed to be the same as the law of Texas. *Acosta, supra.* Under article I, section 10 of the Texas Constitution and Tex.Code Crim.P.Ann. art. 1.05 (Vernon 1977), an accused may not be tried for a felony offense on an information rather than an indictment. However, under Tex.Code Crim.P.Ann. art. 1.141 (Vernon 1977), an accused may voluntarily waive his right to be accused by indictment. A judgment in Texas need not reflect a waiver of indictment, Tex.Code Crim.P.Ann. art. 42.-01 (Vernon Supp.1984), and a silent judgment carries a presumption of regularity. *Acosta, supra.*

In *Acosta,* the Court of Criminal Appeals held that the defendant had the burden of presenting evidence that he did not waive his right to trial by indictment in his prior conviction. Appellant in the case at bar did not testify that he failed to waive his right to trial by indictment. If he waived his right to trial by indictment either in writing or in open court, it would not necessarily be reflected in the judgment. Appellant has not demonstrated that he did not waive indictment.

Appellant's ground of error is overruled, and the judgment of the trial court is affirmed.

Publish. Tex.R.Crim.App.P. 207.