MEMORANDUM OPINION


No. 04-04-00884-CR

Kurt GARRISON,
Appellant

v.

The STATE of Texas,
Appellee

From the County Court at Law No. 5, Bexar County, Texas
Trial Court No. 888064
Honorable Timothy F. Johnson, Judge Presiding
 
Opinion by:    Catherine Stone, Justice
 
Sitting:            Alma L. López, Chief Justice
Catherine Stone, Justice
Rebecca Simmons, Justice
 
Delivered and Filed:   November 9, 2005

AFFIRMED
            Kurt Garrison was convicted of unlawfully carrying a weapon, and the trial court sentenced
him to a $300 fine, costs of court, ninety days in jail probated for eight months, and eighty hours of
community service. Garrison presents twelve issues on appeal; we reject each issue and affirm the
trial court’s judgment.
 
Background
            On August 9, 2001, Officer Morgan of the Leon Valley Police Department stopped Garrison
for running a stop sign. Garrison had an expired driver’s license. As Garrison searched his briefcase
for proof of insurance, Officer Morgan noticed a gun inside the briefcase. Garrison was ticketed for
driving with an expired license and arrested for unlawfully carrying a weapon (UCW). The UCW
charge was dismissed; however, Garrison was convicted in municipal court on November 1, 2001
for driving with an expired driver’s license. Garrison failed to pay the fine, thus a capias pro fine
for Garrison’s arrest was issued.
            On June 4, 2004, Officer Cook was stopped at a convenience store and spotted Garrison in
his vehicle. Due to heavy traffic and knowledge of a possible safety issue, Officer Cook radioed for
backup. When Garrison pulled over his vehicle at a U-Haul business, Officer Cook and two other
responding officers effectuated the stop as a felony stop and ordered Garrison out of the car. 
Garrison did not comply with the demands. One officer initiated conversation with Garrison, and
while his window was cracked, another officer sprayed Garrison with pepper-spray. Garrison rolled
up his window, thus the officers shattered his window, pulled Garrison from the vehicle, and
subsequently arrested him. An inventory search following the stop revealed a loaded and holstered
.25 Beretta pistol inside Garrison’s briefcase on the vehicle floorboard.
Collateral Attack
            In issues one through ten, Garrison claims the trial court erred for numerous reasons in failing
to declare the 2001 municipal court judgment and resulting capias unlawful and void. These issues
are not a direct attack on the trial court’s UCW conviction, but rather are collateral attacks regarding
the 2001 municipal court expired driver’s license conviction. 
             In a collateral attack, the burden is on the appellant to demonstrate that the prior conviction
is void. Acosta v. State, 650 S.W.2d 827, 829 (Tex. Crim. App. 1983). A void judgment is a nullity
and can be attacked at any time. Nix v. State, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001). “An
order is void only when it is clear that the court issuing the order had no jurisdiction over the parties
or subject matter, no jurisdiction to render judgment, or no capacity to act as a court.” Wynn v. State,
2005 WL 1542674, *1 (Tex. App.–Fort Worth 2005, no pet. h.) (mem. op.). Thus, a judgment for
a crime is void when:
1) the document purporting to be a charging instrument (i.e.
indictment, information, or complaint) does not satisfy the
constitutional requisites of a charging instrument, thus the trial court
has no jurisdiction over the defendant,
2) the trial court lacks subject matter jurisdiction over the offense
charged...,
3) the record reflects there is no evidence to support the conviction,
or
4) an indigent defendant is required to face criminal trial proceedings
without appointed counsel....
 
Nix, 65 S.W3d at 668 (citations omitted). 
 
            Garrison has failed to prove the 2001 municipal court judgment is void pursuant to his claims
that: 1) he was not provided with a copy of the verified complaint upon request; 2) Officer Morgan,
Court Clerk Sharon Black, Court Coordinator Gretchen Black, and City Prosecutor Michelle Lanfear
violated the Texas Constitution by failing to file an oath of office and anti-bribery statement every
two years; 3) Gretchen Black’s actions were void because she was simultaneously acting as assistant
city secretary and court coordinator in violation of the separation of powers doctrine; 4) evidence
taken was in violation of Article 38.23 of the Texas Code of Criminal Procedure; and 5) Garrison
was not afforded timely notice and an opportunity to be heard at the 2001 municipal court trial.
            Because the municipal court record is not before the court and Garrison has failed to carry
his burden, issues one through ten are overruled.Same Criminal Episode
            In issue eleven Garrison claims the court erred in denying his plea to the jurisdiction and
special plea because he was charged with the same offense (UCW) three years earlier. The record
indicates that the 2001 charge was for an expired driver’s license violation and UCW. A capias was
ordered for Garrison’s failure to pay the fine for the expired driver’s license charge, but the UCW
was dropped by the prosecution for lack of evidence. 
            Article 27.05 of the Code of Criminal Procedure establishes that a defendant may make a
special plea to the court if he has already been prosecuted for the same or a different offense arising
out of the same criminal episode that was or should have been consolidated into one trial, and the
former prosecution:
1) resulted in acquittal; 
2) resulted in conviction; 
3) was improperly terminated; or 
4) was terminated by a final order or judgment for the defendant that
has not been reversed, set aside, or vacated and that necessarily
required a determination inconsistent with a fact that must be
established to secure conviction in the subsequent prosecution.Tex. Crim. Proc. Code Ann. art. 27.05 (Vernon 1989). A criminal episode is defined as the
commission of two or more offenses and: 1) the offenses are committed pursuant to the same
transaction or two or more transactions which are connected or amount to a common scheme; or 2)
the offenses are the repeated commission of the same or similar offenses. Tex. Pen. Code Ann.
§ 3.01 (Vernon 2003).
 
            While Garrison claims the first UCW charge was dropped because the officers were not
authorized to act as officers for failing to file their oath of office, the motion to dismiss filed by the
district attorney listed “insufficient evidence to prove to jury beyond a reasonable doubt” as the
reason for the dismissal. The initial UCW charge and the present UCW charge did not arise from
the same criminal episode. The charges were not pursued by the prosecution in the initial UCW
charge which occurred nearly three years earlier. See Faison v. State, 59 S.W.3d 230, 237-38 (Tex.
App.–Tyler 2001, pet. ref’d) (concluding that the two sexual assaults on children, while both were
a similar repetition of the same offense, were not part of the same criminal episode because they
occurred over one year apart and involved different victims). Because the present UCW charge
occurred over three years later and does not arise from the same criminal episode of the initial UCW
charge, issue eleven is overruled.
Ineffective Assistance of Counsel
            In issue twelve, Garrison asserts he received ineffective assistance of counsel due to his trial
counsel’s inexperience, failure to prepare filings and jury instructions, failure to call subpoenaed
witnesses, inability to question Garrison on re-direct examination, and failure to object to the State’s
closing argument.



            In order to prove ineffective assistance of counsel, Garrison has the burden to prove by a
preponderance of the evidence that 1) his counsel’s conduct fell below an objective standard of
reasonableness, and 2) the deficient performance prejudiced his defense. Strickland v. Washington,
466 U.S. 668, 669 (1984). The attorney’s representation must have fallen below the prevailing
standard of professional norms, and there must be a reasonable probability that, but for the
deficiency, the trial result would have been different. Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim.
App. 2000). 
            Garrison asserts that his counsel was inexperienced as a criminal attorney. However, this
alone is not enough. An appellate court should be hesitant to declare ineffective counsel based upon
a single alleged miscalculation, especially when the record contains no explanation of the motivation
behind counsel’s decisions. Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). The
ability of counsel to perform is judged upon the totality of the circumstances. Davis v. State, 2005
WL 1560534, *3 (Tex. App.–San Antonio 2005, pet. ref’d) (mem. op.). There is a strong
presumption that counsel’s assistance was reasonable. Thompson, 9 S.W.3d at 813. Any allegation
of ineffective assistance of counsel must be firmly rooted in the record. Id. Rarely will an appellate
court be capable of making a determination of ineffective assistance of counsel based upon a direct
appeal. Id. at 813. In a majority of instances, the record on a direct appeal is underdeveloped and
cannot support a conclusion of ineffective assistance of counsel. Id. at 814. 
            Garrison also asserts his attorney did not call crucial subpoenaed witnesses, mainly the initial
trial judge, counsel did not know how to properly examine Garrison during re-direct examination
on an important case, Garrison prepared most of the filings and jury instructions, and counsel failed
to object to State’s closing argument which allegedly seriously fabricated the facts of the case. 
            The record illustrates that Garrison’s counsel signed the plea to jurisdiction and special plea;
special appearance and motion for return of unlawfully seized property; motion to remove travel
restriction from bond; special appearance, motion to suppress, and motion to quash; and the
discovery motion. The record does not show that Garrison prepared all the filings. Also, counsel
called six witnesses during the pretrial motions and the trial on the merits, but there is nothing in the
record to suggest why the subpoenaed municipal judge was not called to testify. Additionally,
counsel performed a re-direct examination of Garrison and even conferred with Garrison
immediately prior to the examination. Why one specific case was not asked about is unknown. The
same can be said about the lack of an objection to State’s closing argument; the record provides no
explanation. Since the record is silent, ineffective assistance is not established. See Thompson, 9
S.W.3d at 814. Garrison’s issue twelve is overruled.
            The judgment of the trial court is affirmed.
 
Catherine Stone, Justice


Do not publish